Smith v. Theobald.

---

Case 21—PETITION ORDINARY—October 11.

## Smith v. Theobald.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. STATUTE OF FRAUDS.—A verbal contract for a year's service, to be performed at some future time, is within the Statute of Frauds, because it can not be wholly performed within a year from the time of making it.

Smith v. Theobald.

2. SAME.—Where a petition upon a contract, which the Statute of Frauds requires to be in writing, fails to show that the contract was in writing, it is defective, and the defect may be reached by demurrer, or, if judgment is rendered on the petition by default, it will be reversed.

3. SAME.—But such a defect in the petition is cured by an answer denying ·the making of the contract, as such a denial puts in issue not only the existence of the contract, but the fact that it was in writing signed by the defendant.

4. SAME.—If one is hired to do service in any business that requires constant labor, the presumption is, in the absence of an agreement to the contrary, or circumstances showing a contrary intention, that the service was to continue for a year; and while an agreement upon weekly or monthly payment of wages may be sufficient of itself to create a presumption of a hiring for the corresponding periods, still other circumstances may show that the service was to continue for a year, although the payment of wages was to occur weekly or monthly.

A letter from appellant addressed to appellee as "Manager of the Standiford Hotel, Louisville, Ky.," accepting a proposition of appellee to assume control of a hotel at Hot Springs, Ark., at a salary of one hundred and twenty-five dollars per month and board for self and family, is sufficient to show, all the circumstances considered, a contract for a year's service, and sufficiently evidences the terms of the contract to satisfy ,the requirements of the Statute of Frauds. Besides, a letter from appellee in reply, referring to the contract as a contract "for one year," to which appellant assented by his silence, may be considered for the purpose of interpreting appellant's letter.

5. SAME.—Where a contract is one that can not be wholly performed by either party within a year, and each must sign a writing evidencing the contract in order that he may be bound, each party having written a letter, the one in reply to the other, relating to the terms of the contract, both letters should be considered together as forming but one contract.

A. P. HUMPHREY FOR APPELLANT.

JOHN MASON BROWN AND GEO. M. DAVIE FOR APPELLEE.

No briefs in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant in the Jefferson Court of Common Pleas to recover damages for a breach of contract of hiring the appellee by the appellant to act

Smith v. Theobald.

as manager of the Avenue Hotel, at Hot Springs, Arkansas, for the term of one year.

The appellee's petition alleges, in substance, that the appellant employed him to take the management and charge of the Avenue Hotel, at Hot Springs, Arkansas, for the term of one year, at a salary of fifteen hundred dollars, payable in monthly installments of one hundred and twenty-five dollars; that, in addition to this sum, board and lodging was to be furnished himself and family; that his term of service was to commence within thirty days after the fourth of October, 1882.

The case was tried before a jury. The trial resulted in a verdict and judgment thereon for the appellee. The appellant's motion for a new trial having been overruled, he has appealed to this court.

The petition discloses that by the contract the year's service was to commence in the future.

By the seventh subsection of section 1 of chapter 22 of the General Statutes, it is provided that no action shall be brought " upon any agreement which is not to be performed within one year from the making thereof, unless the agreement or some memorandum or note thereof be in writing, and signed by the party to be charged therewith," etc. By this statute no action can be maintained upon any verbal contract that can not be wholly performed within a year from the making of it. And it is well-settled by this court that a verbal contract for a year's service, to be commenced at some future time, is within the statute, because the contract can not be wholly performed within a year from the time of making it.

It is also well-settled by this court that where the petition discloses that the contract could not be wholly performed within a year from the time of making it, and fails to disclose that the contract was in writing, and signed by the defendant, the presumption is that the contract was verbal.

It is also well-settled by this court, that where the plaintiff's petition expressly discloses a verbal contract, which the Statute of Frauds requires to be in writing and signed by the defendant, in order to charge him, or the petition is silent as to whether or not the contract was in writing and signed by the defendant, such a petition is defective ; and the defect may be reached by demurrer ; or if judgment is rendered on the petition by default, this court will reverse it.

In this case, the petition, in not stating that the contract was in writing and signed by the defendant, was defective ; and the defect might have been taken advantage of by demurrer. The appellant, however, did not demur, but filed an answer ; which answer consists, first, of a denial that he made or entered into the contract set forth in the petition ; and second, that the appellee, while in the management of said hotel, managed it so unskillfully and negligently as to give the appellant the right to discharge him ; and that he rightfully discharged him on that account. So, the question is, did the denial of making the contract cure the defective petition ?

It is to be observed that the petition sets forth all the requisites of a common law contract. The only defect in the petition consists in the failure to allege that the contract was in writing and signed by the ap-

pellant. And the appellant denies that he made the contract. This denial not only puts in issue the existence of any contract at all, but puts in issue the fact that the contract was in writing and signed by himself, or by any one authorized to sign it for him. In other words, the denial of making the contract was not only a denial of the existence of the contract, but was a denial that the contract was in writing. In the latter respect, it was equivalent to an affirmative plea of the Statute of Frauds; and in this respect the answer assumed that it was essential to the appellee's right to recover that the contract should be in writing and signed by the appellant, and it then proceeded to deny the existence of that fact. Thus, an issue was formed as to whether or not the contract was in writing, and the defect in the petition was cured.

The issue being thus formed, the questions arose on the trial, first, whether the contract alleged in the petition was actually made; second, whether it was evidenced by a sufficient writing, memorandum or note, signed by the appellant, to comply with the requirements of the Statute of Frauds.

The appellee introduced on the trial a letter signed by the appellant, which reads as follows:

"LOUISVILLE, KY., Oct. 4, 1882.

"T. A. THEOBALD, *Manager Standiford Hotel, Louisville, Ky.*:

"DEAR SIR: At our interview last night, I understood you to propose to assume the management of the Avenue Hotel for the Avenue Hotel Co., at Hot Springs, on or soon after the first of November next,

vol. 86—10.

in consideration of the salary of $125 per month, and rooms and board for yourself and family. I beg leave to advise you that your proposition is accepted, and that I trust you will be able to assume charge early in November; will also desire you to accept the position of secretary and treasurer of the company.

"Very truly,

"M. H. SMITH."

This writing sets out substantially the terms of the contract, as alleged in the appellant's petition, except that it does not express in words that the employment was to be for a year; and by reason of this latter fact, the appellant contends that the writing evidences an employment only by the month or at will.

Where a person is hired to serve another without any agreement as to the duration of the service, there is no inflexible rule of law as to the length of time the hiring is to continue. The question as to the length of time the hiring is to continue will be governed by the circumstances of each particular case. If one is hired to work in a crop being raised, the presumption is, in the absence of circumstances showing a contrary intention, that his term of service is to continue during the crop season. If one is hired to do general service on a farm, the presumption is, in the absence of an agreement to the contrary or circumstances showing a contrary intention, that the term of service is to continue for a year. The same rule applies to the hiring of persons to do service in any business that requires constant labor. As this rule is not inflexible, and may be controlled by circumstances, the circumstance of agreeing on weekly, monthly, quar-

terly or half yearly payment of wages, may be suffi-
cient of itself to create the presumption of a hiring
for the corresponding periods.    But the circumstances
of the hiring, though no time is expressly agreed upon,
may show that it was to continue for a year, although
the payment of the wages was to occur monthly, etc.

And we think the facts set forth in the writing,
just quoted, manifest a hiring by the year; and that
the appellant intended to hire the appellee by the year.
For it is shown by the letter that the appellee was in
business in the city of Louisville as the manager of
the Standiford Hotel; that he was required to give
up that business, and move himself and family to Hot
Springs, Arkansas, and there assume the management
of the Avenue Hotel, and to act as secretary and treas-
urer of the hotel company.    Was the appellee to give
up his position in the Standiford Hotel, in Louisville,
and move himself and family to Hot Springs, Arkansas,
a distance of several hundred miles, at a large expense
to himself, for the sake of a month's employment at
the price of one hundred and twenty-five dollars in the
Avenue Hotel?

We think that neither the appellant nor the appel-
lee contemplated a contract of this kind.    We think
that the writing shows that they did not; but it shows
that they contracted for a year's service, at the rate of
one hundred and twenty-five dollars per month, or fif-
teen hundred dollars for the year.    Besides, the appel
lee replied by letter, dated the sixth of October, 1882,
as follows:

"M. H. SMITH, ESQ., *Vice-President of the L. & N.
R. R.:*

"DEAR SIR: I am in receipt of yours of the fourth

inst., in which you accept my proposition to take the management of the Avenue Hotel, at Hot Springs, Arkansas, for one year, at $1,500 per annum, and rooms and board for self and family. I will make arrangements to leave for Hot Springs in the next thirty days. I assure you that whatever of judgment, energy and ability I possess shall be exercised to the fullest in advancing the interest of the business committed to my care. Hoping I may succeed in carrying out all your wishes, I am

"Respectfully,

"THOMAS A. THEOBALD."

This letter was duly received by the appellant, to which he made no reply, and the appellee took charge of the hotel pursuant to the terms indicated in the letters.

But it is contended by the appellant that, as the Statute of Frauds requires that he should sign a written agreement, memorandum or note, evidencing the terms of the contract in order to be bound by it, this letter did not bind him to the terms therein indicated.

There are two answers to this position: First, the letter does not add to or change the terms of the contract, as indicated in the appellant's letter. As we have shown, the appellant's letter, as to the duration of the time of service, should be construed according to the understanding of the parties; and the appellee's letter merely definitely interpreted that understanding, to which the appellant assented by his silence and acquiescence.

Second, the contract was one that could not be wholly performed within a year from the making of it; and in

order to bind both parties to its performance, each one should have signed a writing, memorandum or note, evidencing the terms of the contract. It is true that a writing, memorandum or note, evidencing the contract, signed by the party sought to be charged, satisfies the statute. But to bind the other party to the performance of his part of the contract, where his performance comes within the statute, it is necessary that he should sign some writing, memorandum or note, evidencing the terms of the contract. Therefore, as neither the appellant nor the appellee could have wholly performed his part of the contract within a year from the time of making it, it was necessary that the appellee, in order to be bound to perform his part of the contract, should have signed a writing evidencing the terms of the contract. Therefore, as the two letters relate to and set out the terms of a contract which the statute requires to be in writing and signed by each party in order to bind each to its performance, both letters should be considered together as forming but one contract.

As the foregoing views settle the material questions in the case, it is unnecessary to notice the other points raised in argument.

The judgment of the lower court is affirmed.