CASE 94—ACTION TO ENFORCE SPECIFIC PERFORMANCE OF CONTRACT FOR
   SALE OF LAND—MAY 9.

## Early v. Douglass, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

SEPARATE DEEDS CONSTRUED TOGETHER—SPECIFIC PERFORMANCE—
   DOUBTFUL TITLE—INFANTS CONCLUDED BY DECISION ON APPEAL.

Held: 1. Where E., his wife uniting with him, conveyed land to T.
   in trust "for the purpose and agreement," as recited in the deed,
   "that the said second party will reconvey the same to the said
   first parties," and simultaneously therewith T., as trustee, con-
   veyed the land to E.'s wife, with right of survivorship in E.
   and his heirs forever, the two deeds are to be construed togeth-
   er as one instrument; and, as the first deed does not state the
   interest which each of the grantors is to have in the reconvey-
   ance provided for, the second deed is to be accepted as evidence
   of what the agreement was as to that matter, and is therefore
   valid.
2. While a purchaser will not be required to take a title about which
   doubt may reasonably exist, or which may expose him to liti-
   gation, yet the mere fact that an infant is asserting an adverse
   claim to the property will not authorize the court to refuse spe-
   cific performance, since the right of the infant may be finally
   determined by an appeal to which he is a party, either appellant
   or appellee, though it is provided by Civil Code Practice, sec-
   tion 391, that an infant may show cause against a judgment

within one year after attaining the age of twenty-one years, and Id., section 745, provides that an appeal may be granted to an infant within one year after his disability is removed.

C. B. SEYMOUR AND BURNETT & BURNETT, ATTORNEYS FOR APPELLANT.

SYNOPSIS AND AUTHORITIES.

1. Specific performance will not be refused on account of the title if the title be good to the exclusion of a reasonable doubt.

2. Writings made at the same time and as part of the same transaction will be construed together. Am. & Eng. Ency. of Law, vol. 11, p. 514; Gammon v. Freeman, 31 Maine, 245; Gilliam v. Moore, 4 Leigh, 33.

3. The title in the case at bar is free from doubt.

4. None of the cases cited in the court below by appellee or by the court militates against our contention. Moss v. Hall, 79 Ky., 40; Allen v. Trautman, 10 Bush, 62; Richards v. Richards, 10 Bush, 619; Cocanougher v. Green, 93. Ky., 522; Woollums v. Horsley, 93 Ky., 585; Meddis v. Fenley, 17 Ky. Law Rep., 974; James v. Meyer, 41 La. Ann., 1100; Bryan v. Read, 1 Dev. & Batt. Eq., 86; Richmond v. Gray, 3 Allen, 25; Butts v. Andrews, 136 Mass., 221; Freetly v. Barnhart, 51 Pa. St., 279; Cornell v. Andrews, 35 N. J. Eq., 7; Dobbs v. Norcross, 24 N. J Eq., 331; Allen v. Atkinson, 21 Mich., 351; Pyrke v. Waddingham, 10 Hare, 1.

KOHN, BAIRD & SPINDLE, ATTORNEYS FOR APPELLEE.

In 1892 C. C. Early was the owner in fee of the property, and on the 3d day of August, 1892, he and his wife, Sally E. Early, conveyed it to one John J. Thomas, in trust, on the following terms, and for the following purposes, to-wit: "And for the purpose and agreement that the said second party will reconvey the same to the said first parties." It is admitted in the record that Thomas had no beneficial interest in the property conveyed by this deed, and that he was merely a trustee for the purpose of carrying out the terms of the trust created by the deed, and that the deed fixed, definitely, the terms of the trust, and directed Thomas to reconvey the property to the parties of the first part. Had the terms of this trust been carried out, Captain Early, the appellant, would have been vested with the fee simple title to one moiety of the property, and his wife, Sally E. Early, with the other moiety.

The record further shows, that on the same day, August 3, 1892, the trustee, John J. Thomas, did reconvey the property to

the appellant, C. C. Early and wife, Sally E. Early, but not on the terms provided in the deed from Early and his wife to him, but made the deed reciting as follows: "But with right of survivorship in the said Charles E. Early and his heirs forever." We claim that so much of the deed from Thomas to Mrs. Early as creates a right of survivorship in C. C. Early is violative of the trust created in him by the deed from Early and wife to him.

After the execution of the deeds above mentioned, Sally E. Early, died intestate, leaving as her heir at law the appellee infant C. C. Early, Jr., and our contention is, that so far as the deed from Thomas to Sally E. Early is violative of the trust created in the deed by which Thomas was vested with the title to the property, it is void, and if this proposition is correct so much of the deed from Thomas to Sally E. Early, as provides for a survivorship in the appellant C. C. Early is void, and C. C. Early can not make a good clear title to the property in question.

It is contended by counsel for the appellant, that these two deeds should be construed as one transaction, but it does not help appellant if this proposition be true, because if this whole matter were provided for in one deed, the first part of the deed providing that the property should be reconveyed to the appellant, and his wife would be inconsistent with the latter part.

The rights of an infant are involved in the construction of these two deeds, and we submit that no innocent purchaser should be required to accept a title that is involved in so much doubt.

This action was brought by appellant C. C. Early to enforce the specific performance of a contract by which one J. J. Douglass was to buy from appellant the aforesaid property at the price of $7,500. Douglass applied to the Kentucky Title Company to examine and insure the title for him and that company declined to insure the title on the ground that the infant appellee, C. C. Early, Jr., owned an undivided one-half interest therein. The appellee, Douglass, thereupon, declined to comply with the terms of the contract.

## AUTHORITIES CITED.

Maupin on Marketable Title to Real Estate, sec. 283; Bryan v. Reed, 1 Dev. & Bat. Eq., (N. C.) 86; Moss v. Hall, 79 Ky., 40; James v. Myer, 41 La. Ann., 1100; Meddis & Southwick v. Fenley, 17 Law Rep., 974; Allen v. Trautman, 10 Bush, 62; Richards v. Richards, 10 Bush, 619; Pyrke v. Waddingham, 10 Hare,

1; 17 Eng. L. & Eq., 534; Richmond v. Gray, 3 Allen, 25, 27; Sturtevant v. Jacques, 14 Allen, 523, 526; Allen v. Atkinson, 21 Mich., 351, 361; Butts v. Andrews, 136 Mass., 221 and cases cited; Freetby v. Bornhart, 51 Pa. St., 279; Pomeroy's Eq. Jur. sec. 1405; Dobbs v. Norcross, 24 N. J. Eq., 331; Cornell v. Andrews, 35 N. J. Eq., 7; Cocanougher v. Green, 93 Ky., 522; Woollums v. Horsely, 93 Ky., 585; Story's Eq. Jur., sec. 742; Fry on Spec. Perf., sec. 573; Waterman on Spec. Performance, sec. 412, and cases cited; 3 Parsons on Contracts, (6 Ed.) Star page 380.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This action was instituted by the appellant, C. C. Early, against the appellees, J. J. Douglass and another, to enforce the specific performance of a contract between appellant and the appellee Douglass, by which Douglass agreed to buy from appellant a house and lot in Louisville, at the price of $7,500, to be paid in cash. Douglass admits the execution of the contract of purchase, but refuses to comply therewith, because, he says, the appellant, Early, can not make a good fee-simple title to the property, and for this reason is unable to carry out the terms of his contract with him. The facts as to the title are as follows: On the third day of August, 1892, the appellant, C. C. Early, was the owner in fee of the property in question. On that day he and his wife, Sally E. Early, conveyed the property by general warranty deed to one John J. Thomas in trust. The consideration for this conveyance, as recited in the deed, is "one dollar cash in hand paid, and for the purpose and agreement that the said second party will reconvey the same to the said first parties." Simultaneously with the execution of this conveyance to Thomas, he reconveyed the property by a deed to Sally E. Early, the wife of C. C. Early, with the right of survivorship in C. C. Early and his heirs forever. The material parts of the conveyance are as follows: "This

deed is made and entered into this third day of August, 1892, by and between John J. Thomas (unmarried), as the party of the first part, and Sally E. Early, wife of C. C. Early, and the said C. C. Early, as parties of the second part witnesseth: That for and in consideration of the sum of one dollar, cash in hand paid, the receipt whereof is hereby acknowledged and in order to carry out the undertaking and agreement set forth in a deed of even date herewith from C. C. Early and wife to said first party the party of the first part has bargained and sold, and by these presents does hereby bargain, sell, grant and convey, unto the said Sally E. Early, her heirs and assigns, for her sole support and use, free from the control, debts, and liabilities of her husband, or any husband she may hereafter have, but with right of survivorship in the said C. C. Early and his heirs forever." After the execution of these deeds, Sallie E. Early died intestate, leaving as her heir at law the infant appellee, C. C. Early, Jr., the offspring of her marriage with the plaintiff. The contract for the sale of the property which is sought to be enforced in this action was made after the death of the wife, and in this suit for the specific enforcement the infant C. C. Early is made a defendant, and an answer has been filed by a guardian *ad litem*, who makes the same defense for him as is made for the appellee Douglass.

The contention of appellee is that the deed executed by C. C. Early and wife to Thomas made Thomas a trustee for Early and wife, as holders of equal moieties in the land, and made no provision for a right of survivorship thereto in C. C. Early, and that so much of the deed from Thomas to Mrs. Early as created a right of survivorship in C. C. Early is violative of the trust created in him by the deed from Early and wife, and is void as against the rights of

the infant, appellee, C. C. Early, Jr., as heir at law of
his deceased mother, and that C. C. Early for this reason
can not make a good title to the property in question.
We do not think that this is the proper construction of
these conveyances. The consideration expressed in the
deed from Early and wife to Thomas is that he will re-
convey the property to the first parties. It does not
state what interest the grantors should have in the recon-
veyance which was to be made to them of the property
by Thomas, nor does it show what estate was to be con-
veyed to the one or the other,—whether one was to have
a life estate with remainder to the other, or whether one
of them was to have a right of survivorship. The *habendum*
in the deed is to C. C. Early and his heirs forever. The
agreement is, however, fully expressed in the deed from
Thomas to Early and wife, which was executed simultan-
eously with the deed to Thomas. The deeds mutually refer
to each other, and must be considered as one transac-
tion. It is a well-settled rule that written agreements
made at the same time, and between the same parties, and
relating to the same subject, will be held to constitute but
one contract, though contained in several instruments,
for the purpose of determining the meaning of the
parties, even though the writings to be construed
together do not bear the same date, nor even
be absolutely contemporaneous in execution; but they
must be between the same parties, and must relate to the
same subject-matter. See 17 Am. & Eng. Enc. Law (2d
Ed.) p. 9; Parks' Ex'r v. Cooke, 3 Bush, 168; Smith v. Theo-
bald, 86 Ky., 141; 9 R., 449 (5 S. W., 394); Honore v. Hutch-
ings, 8 Bush, 687; Shuttleworth v. Development Co., 60 S.
W., 534; 22 Ky. L. R., 1806.

When we apply this rule of interpretation to the case
at bar, the two conveyances must be treated and consid-

ered as one instrument, and when this is done there can
be no doubt that appellant is invested with the complete
fee-simple title to the property in question as survivor;
and that this was the purpose of both Early and his wife
at the date of their execution is clearly shown by the
evidence of both Thomas, the intermediary, and Burnett,
the draftsman of the paper, and by the further fact of the
acceptance of the conveyance from Thomas by Mrs. Early
during her lifetime. We fully recognize that it is a settled
rule of equity that a defendant in a suit brought for the
specific performance of an executory contract will not be
compelled to take a title about which doubt may reason-
ably exist or which may expose him to litigation. The
contention of appellee that this rule applies to this case,
because, under sections 391 and 745 of the Civil Code of
Practice, the infant appellee, C. C. Early, Jr., within 12
months after attaining the age of 21 years, may show
cause against the judgment and prosecute an appeal there-
from to this court, renders the title unmerchantable, and
that he should not for this reason be required to take it,
is not, in our opinion, a sound position. We think that all
that was intended by these provisions of the Code was
to extend the time in which an infant might prosecute an
appeal to this court from a judgment affecting his rights,
which had been rendered against him in an inferior court;
and they do not suspend or supersede the right of an
adult to prosecute an appeal from a judgment of an in-
ferior court, and have their rights finally determined in
this court, because an infant who is a party claims an ad-
verse interest in the property affected by the proceeding.
It is to the interest of all parties, if there is an error in a
judgment, that it should be ascertained, and the rights
finally determined. A different construction of this sec-

tion would not only be prejudicial to the rights of infants, but would render uncertain the interest of all parties who claim as against the infant defendants. The infant C. C. Early, Jr., is a party to this proceeding, and properly before the court. A guardian *ad litem* defended for him in the court below, and his rights are as fully determined and concluded by this judgment as though the appeal had been prosecuted in his name. It was decided by this court in Moss v. Hall, 79 Ky., 42, that an infant might appeal from a judgment of the circuit court to this court at any time during his minority, and such an appeal would be a complete bar to any appeal after arriving at age. The court said in that case, viz.: "It was never contemplated that such a construction should be given the statute as would postpone the settlement, not only of the rights of infants, but also of those litigating with them for years after the judgment was rendered, when the infants appear in court by those entitled to be heard for them, asking a final adjudication so important to the interest of all concerned." For similar reasons, we can see no reason why adults may not have their rights finally determined by appeal, and, if the infant is properly before this court, his rights will be concluded finally by the judgment. We are of the opinion that C. C. Early, having survived his wife, became invested with the complete fee-simple title to the house and lot contracted to be sold to appellee, and was entitled to have a specific enforcement of his contract for the sale thereof to the appellee Douglass. For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.