## WESTERN UNION TELEGRAPH CO. v. THOMPSON. (No. 2040.)

Court of Civil Appeals of Texas. El Paso. Oct. 3, 1927.

Rehearing Denied Nov. 3, 1927.

1. **Telegraphs and telephones ⬉70(1)—Advertisement announcing "all year's work," and promise to work for "fifty" by addressee of undelivered telegram, held contract for one week only.**

Agreement, based on advertisement for press agent for "all year's work," and correspondence by wire resulting in applicant's promise to take job for "fifty and transportation," following offer to place him on his wiring lowest salary, *held* to constitute binding contract for period of one week only, in applicant's action against telegraph company for damages for failure to deliver telegram wiring transportation.

2. **Telegraphs and telephones ⬉73(5)—Term of employment held question for court, in action for failure to deliver telegram.**

In action against telegraph company by applicant for position as press agent for failure to transmit message from employer sending transportation money and consummating contract, question of term of employment entered into was question of law for trial court.

**3. Telegraphs and telephones ☜70(1)—Measure of damages for failure to deliver telegram completing employment contract held cost of messages, plus salary, with interest.**

In action against telegraph company by applicant for position as press agent for failure to deliver telegram wiring transportation to place of employment and completing employment contract, plaintiff's measure of damages *held* one week's salary, with interest, plus cost of messages sent by plaintiff, where contract of employment entered into embraced only one week's *period.*

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by R. W. Thompson against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Kemp & Nagle, of El Paso (Francis R. Stark, of New York City, of counsel), for appellant.

John T. Hill, of El Paso, for appellee.

PELPHREY, C. J. Appellee filed this suit in the Sixty-Fifth district court of El Paso county, Tex., for damages on account of the failure of appellant's agents to deliver to him a telegram relating to his employment. Appellee alleged that he had been negotiating with J. Doug. Morgan, manager and owner of the J. Doug. Morgan Shows, and that the negotiations had resulted in Morgan's employing appellee as press agent for his show for a period of one year at a salary of $50 per week; that, in pursuance of the said negotiations, it was agreed that J. Doug. Morgan would wire transportation to appellee from El Paso to Commerce, Tex.; and that the employment of appellee should begin from the receipt of the transportation; that J. Doug. Morgan wired money for transportation to appellee; and that appellant's agents negligently failed to deliver said money to appellee. Appellee prayed for judgment for a year's salary at the rate of $50 per week, or, in the alternative, for the difference between a year's salary and his earnings from other sources during the corresponding period. Appellant answered by general demurrer, general denial, and a plea of contributory negligence. The case was submitted to the jury on one special issue as follows:

"Question No. 1. What would have been a reasonable time for the plaintiff to have worked had he entered the employment telegraphed about?"

The jury's answer to the issue was 52 weeks.

Upon the verdict the court rendered judgment against appellant for $320, together with interest thereon from January 1, 1925. From that judgment the telegraph company has appealed.

Under the view we take of the case the only question to be decided is that of the proper measure of damages under the facts of the case.

There is a conflict of opinion between the attorneys as to whether the contract of employment was for one year or one week.

The contract alleged in appellee's petition was based upon an advertisement in a publication called "the Billboard" and the several telegrams exchanged between appellee and J. Doug. Morgan. The Billboard advertisement reads as follows:

"Wanted At Once: Good agent. No fancy salary, but good, sure salary. All year's work. Hendrix, wire me, J. Doug. Morgan, Wolfe City, Texas, this week; Commerce, Texas, next."

In response to this advertisement appellee sent the following message:

"El Paso, T' . Nov. 3, 1924.

"To Manager J. Doug. Morgan Show, Commerce, Tex.:

"Bob Thompson agent at liberty formerly ahead Billy Bennett and other two car shows also contractor Sun Brothers press agent Al G. Barnes contractor and press for Jake Newman's Gentry show two seasons ask him about me thoroughly experienced routing posting contracting press promoting answer nineteen eleven Grandview Avenue El Paso Texas.

"R. W. Thompson.

"1911 Grandview ave."

On the following day Morgan wired appellee as follows:

"Commerce, Tex., 4 912A.

"R. W. Thomson, 1911 Grandview ave., El Paso, Tex.: Can place you at once wire lowest salary and how soon you can get here answer quick holding other offer.

"J. Doug. Morgan."

On the same day appellee sent the following wire to J. Doug. Morgan.

"El Paso, Tex., Nov. 4, 1924.

"Manager J. Doug. Morgan Show, Commerce, Tex.: Will produce results you require for fifty and transportation after joining can leave here at six tonight if you will place ticket with Texas Pacific agent here answer.

"R. W. Thompson.

"1911 Grandview ave."

Appellant admits that it received money (amount not shown by the record) from J. Doug. Morgan on November 4, 1924, to be paid to appellee, and that it failed so to do.

[1] Appellee contends that the above advertisement and telegrams constituted a contract of employment for a period of one year, which he lost on account of the failure of appellant's agent to deliver him the money.

The only basis for such contention that we can find in the record is the phrase "all year's work" appearing in the advertisement in the Billboard, and we cannot agree with appellee that a contract made in answer to, and growing out of, such advertisement would be a contract for one year.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

As we view the matter, we are of the opinion that Morgan in so advertising the position which he was offering was merely describing the character of employment, and calling attention to the fact that his show was a continuous one, rather than one having a season of 30 weeks, as the record shows the customary season of shows to be. We cannot believe that Morgan intended, by reason of the aforesaid phrase, to inform the readers of the Billboard that he was desirous of entering into a year's contract with a good agent.

We are of the opinion that appellee did have a contract of employment with Morgan which became a binding one upon Morgan's depositing the money with the telegraph company in Commerce, but we think that contract was for the period of one week only.

[2] If we are right in our view, there being no dispute as to the facts, the trial court should have construed the contract, and consequently there was no question which could properly be submitted to the jury. If appellee had a contract of employment with J. Doug. Morgan for a period of one week, and he lost the position which the contract called for on account of the negligence of the appellant, then what is the measure of his damages? Was it the value of the time lost by appellee before securing other employment as contended for by appellee? Was it the amount paid by appellee for sending the telegrams, and one week's salary with interest, or was it only the price of the telegram and nominal damages?

We have made an exhaustive search of the authorities, and find the weight of authority to be that, in cases where a binding contract of employment would have resulted, if the message had been delivered, the plaintiff is held entitled to recover the amount which the other party was legally bound to pay him under the contract, less any amount actually earned by him, or could in the exercise of reasonable diligence have been earned in similar employment, during the corresponding period. Hale on Damages (2d Ed.) p. 396; Sutherland on Damages (3d Ed.) art. 967; 37 Cyc. p. 1766; Fulkerson v. Tel. Co., 110 Ark. 144, 161 S. W. 168, Ann. Cas. 1915D, 221; Western Union v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 584.

[3] Under the contract in the present case, Morgan would have been obligated to appellee for the amount of one week's salary, shown by the record to be $50; therefore our opinion is that the court should have rendered judgment in favor of appellee for that amount, with interest.

It seems to be well settled that, in a case where the resulting contract would have been from month to month, the limit of plaintiff's recovery is one month's salary. 37 Cyc. 1766; Mondon v. Western Union, 96 Ga. 499, 23 S. E. 853; Baldwin v. Western Union, 93 Ga. 692, 21 S. E. 212, 44 Am. St. Rep. 194; Hale on Damages (2d Ed.) p. 396.

Appellant having admitted liability for the cost of sending the telegrams, the judgment of the trial court is reversed, and judgment here rendered for the amount expended by appellee for sending the messages, $1.95, and one week's salary, $50, with interest thereon from November 4, 1924, at the rate of 6 per cent. per annum.