THOMPSON v. WESTERN UNION TELE-
GRAPH CO. (938–5044.)

Commission of Appeals of Texas, Section B.
June 13, 1928.

I. Telegraphs and telephones ⬅️66(3)—In ac-
tion for failure to deliver favorable reply to
telegram regarding employment, advertise-
ment announcing all year's work held inad-
missible on issue of damages.

In action for damages for failure to deliver
favorable reply to message regarding employ-
ment, advertisement announcing all year's work
*held* inadmissible on issue of damages, where
plaintiff's telegram did not show it was in an-
swer to advertisement.

2. Banks and banking ⬅️188½—Telegraph
company was not liable for loss of which it
had no notice before time to deliver money
expired.

Where employer, in answer to plaintiff's
telegram applying for position, delivered trans-
portation expenses called for in his telegram to
telegraph company, which it failed to deliver,
it was not liable for loss which it could not
anticipate, or of which it had no notice at time
its duty arose, or before it expired, to make
delivery to plaintiff of the transportation in-
volved.

3. Telegraphs and telephones ⬅️37(9)—Plain-
tiff answering advertisement for year's work,
cannot recover for loss of employment for
year from defendant's failing to deliver tele-
gram completing employment contract.

Plaintiff sending telegram in answer to ad-
vertisement announcing all year's work, prom-
ising to work for $50, *held* not entitled to re-
cover for loss of employment as under contract
for one year from defendant failing to deliver
favorable reply completing employment con-
tract, where there was nothing in telegraphic
correspondence indicating to defendant that
there had been any previous communication or
negotiations between the parties.

Error to Court of Civil Appeals of Eighth
Supreme Judicial District.

Action by R. W. Thompson against the
Western Union Telegraph Company. Judg-
ment for plaintiff was reversed and rendered
(299 S. W. 279), and plaintiff brings error.
Judgment of Court of Civil Appeals affirmed.

John T. Hill, of El Paso, for plaintiff in er-
ror.

Francis R. Stark, of New York City, and
Kemp & Nagle, of El Paso, for defendant in
error.

SPEER, J. The following is the telegraph-
ic correspondence between plaintiff in error
and the J. Doug. Morgan Show, forming the
basis for this suit by Thompson against the
Western Union Telegraph Company for dam-
ages for its failure to deliver the show's fa-
vorable reply to the last message quoted:

"El Paso, Tex., Nov. 3, 1924.
"To Manager J. Doug. Morgan Show, Com-
merce, Tex.:

"Bob Thompson agent at liberty formerly
ahead Billy Bennett and other two cars shows
also contractor Sun Brothers press agent Al
G. Barnes contractor and press for Jake New-
man's Gentry Show two seasons ask him about
me thoroughly experienced routing posting con-
tracting press promoting answer nineteen elev-
en Grandview avenue El Paso, Texas.

"R. W. Thompson.
"1911 Grandview ave."

"Commerce, Tex., 4 912A
"R. W. Thompson, 1911 Grandview ave., El
Paso, Tex.: Can place you at once wire lowest
salary and how soon you can get here answer
quick holding other offer.

"J. Doug. Morgan."

"El Paso, Tex., Nov. 4, 1924.
"Manager J. Doug. Morgan Show, Commerce,
Tex.: Will produce results you require for
fifty and transportation after joining can leave
here at six tonight if you will place ticket with
Texas Pacific agent here answer.

"R. W. Thompson.
"1911 Grandview ave."

The J. Doug. Morgan Show delivered to
the defendant in error money to cover the
transportation called for in Thompson's last
message, but the same was never transmitted
to Thompson, and he sued the telegraph com-
pany, alleging that by reason of its dereliction
he lost the contract, and sought a recovery
for a year's salary at $50 per week; the con-
tention of a year's contract being based upon
the following advertisement in the billboard
in answer to which the telegram first quoted
was sent:

"Wanted At Once: Good agent. No fancy
salary, but good, sure salary. All year's work.
Hendrix, wire me, J. Doug. Morgan, Wolfe
City, Texas, this week; Commerce, Texas,
next."

The plaintiff recovered judgment in the
trial court for $320, which judgment on ap-
peal was reversed and rendered in his favor
for the tolls paid, $1.95, and one week's sal-
ary, $50, with interest. (Tex. Civ. App.) 299 S.
W. 279.

The contention of plaintiff in error here is
that he is entitled to recover for the loss of
employment as under a contract for one year.
We cannot sustain this contention. The
plaintiff's case was pleaded and he sought a
recovery upon the theory that, had defend-
ant in error delivered the money for trans-
portation, it would have constituted a con-
tract for one year, though he now insists a
contract was really consummated. The case,
however, was not submitted or tried upon
that theory, but rather upon the theory that
the contract would have been or was for a
reasonable time; the only issue submitted to
the jury being:

"What would have been a reasonable time for the plaintiff to have worked had he entered the employment telegraphed about?"

The defendant timely objected to the submission of this issue upon the ground the same was not raised by the pleadings or the evidence, but the objections were overruled. The company assigned error in the Court of Civil Appeals to the refusal of the trial court to give its summary instruction and likewise to the submission of the special issue.

[1, 2] The contention of plaintiff in error that his contract was for one year is predicated upon the contents of the advertisement in the bill board, and especially the words "all year's work." When this advertisement was offered in evidence, it was timely objected to by the defendant because the same was in no wise binding upon the defendant, and because the defendant had no notice thereof, and for other reasons not necessary to be noticed. This point was also made by proper assignment of error in the Court of Civil Appeals. We think the advertisement should have been excluded upon the objections made. It is of course elementary that the telegraph company would not be liable in damages for any loss which it could not anticipate, or of which it had no notice at the time its duty arose, or before it expired, to make delivery of the transportation involved. Of course, it is not required that the company have actual notice, but it is indispensable that it have such notice or actual notice of some fact or circumstance reasonably putting it upon inquiry as to such probable loss. Now, there is absolutely nothing in the telegraphic correspondence between the parties that would in any wise indicate to the defendant in error that there had been any previous communication or negotiation whatever between plaintiff in error and the Morgan Show, and there is nothing in the other testimony in the case from which such an inference of notice could be implied. See Western Union, etc., Co. v. True, 101 Tex. 236, 106 S. W. 315; Id., 105 Tex. 344, 148 S. W. 561, 41 L. R. A. (N. S.) 1188; Southwestern, etc., Co. v. Flood, 51 Tex. Civ. App. 340, 111 S. W. 1065; Western Union Tel. Co. v. Kibble, 53 Tex. Civ. App. 222, 115 S. W. 643, writ refused; Western Union Tel. Co. v. Farrington (Tex. Civ. App.) 131 S. W. 609; Western Union Tel. Co. v. Huffstutler (Tex. Civ. App.) 188 S. W. 455; Western Union Tel. Co. v. Haynes (Tex. Civ. App.) 243 S. W. 701.

[3] So that the contention of plaintiff in error cannot be sustained, because the only evidence which could possibly support such a judgment was improperly admitted and cannot be considered.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court was therefore correct in its result, and that judgment should be affirmed, irrespective of whether or not it would be correct with the advertisement properly before the court for consideration. We are not passing upon this latter question.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.