## WESTERN UNION TELEGRAPH CO. v. ECKHARDT. (Motion No. 8370; 937—5042.)

Commission of Appeals of Texas, Section B, Oct. 16, 1929.

For former opinion, see 11 S.W.(2d) 777.

Francis R. Stark, of New York City, and Hart, Patterson & Hart, of Austin, for plaintiff in error.

Robert Turpin and Henry H. Brooks, both of Austin, for defendant in error.

On Motion for Rehearing.

LEDDY, J. ⬛ It is urged in the motion for rehearing that the telegram, being an offer of employment, "salary of $350.00 a

month," was an offer of hiring at a stated monthly salary, and that such offer merely fixed the rate of pay for whatever period the services might continue, and does not, as held by the Court of Civil Appeals, constitute an offer for a specific period of time.

Where no time is provided in an employment, the length of time the hiring is to continue will be governed by the circumstances of each particular case. Smith v. Theobald, 86 Ky. 141, 5 S. W. 394. The telegraph company was put upon notice by the telegram that a league baseball club was negotiating for the services of a baseball player. It is a matter of general and common knowledge, of which the company must be presumed to have had notice, that such league baseball clubs contract with their players for the season and not by the month. Had defendant in error accepted the offer contained in the telegram, his contract would have been for the season of 1925 and not merely a monthly employment. Philadelphia Ball Club v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L. R. A. 227, 90 Am. St. Rep. 627; Pfiester v. W. U. Tel. Co., 282 Ill. 69, 118 N. E. 407, 409, Ann. Cas. 1918C, 738.

In the case last cited, the telegram to a professional baseball player from the Milwaukee Baseball Club read as follows: "Will give you $300.00 per month." It was insisted by the telegraph company that, had the telegram been delivered and plaintiff accepted the proposal therein made, it would have but amounted to a contract at will. The Supreme Court of Illinois declined to accept this view, and held that the contract would have been for the baseball season. In discussing the question, the court said:

"The message of the Milwaukee Club to plaintiff did not expressly say its offer was $300 per month for the season, but both that club and the plaintiff knew the custom and practice in contracting for the playing season of some six months, and it will be implied, in the absence of an express contrary intention, that it contracted with reference to such known custom and usage. * * * While a contract providing for payment at or for stated intervals may create a presumption that the hiring was for corresponding intervals, the circumstances attending the hiring, including the nature of the services and the customs and usages attending the particular employment, should be looked to in determining the length of the employment. Smith v. Theobald, 86 Ky. 141, 5 S. W. 394."

The conclusion we have reached is not in conflict with the decision in the case of Western Union Telegraph Co. v. Thompson (Tex. Civ. App.) 299 S. W. 279, 281, which was subsequently affirmed in the approval by the Supreme Court of the opinion of this Commission, 7 S.W.(2d) 520. In that case no prevailing custom existed as to the length of the employment as in the present case. Our decision is squarely in line with the rule announced in that case by the Court of Civil Appeals, and subsequently approved by us, wherein it was held that, "where a binding contract of employment would have resulted, if the message had been delivered, plaintiff is held entitled to recover the amount *which the other party was legally bound to pay him under the contract*, less any amount actually earned by him, or could in the exercise of reasonable diligence have been earned in similar employment, during the corresponding period." Inasmuch as it was held by the Court of Civil Appeals that Morgan would have been obligated to Thompson only for the amount of one week's salary, his recovery was properly limited to that sum. The contract which would have resulted in this case had the telegram been delivered would have given the Columbus Baseball Club defendant in error's services for the season of 1925, and the telegraph company was bound to take notice of the custom and usage prevailing in such employment. W. U. Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; W. U. Tel. Co. v. Dorough (Tex. Civ. App.) 213 S. W. 282; W. U. Tel. Co. v. Houston Rice Mill Co. (Tex. Civ. App.) 93 S. W. 1084; Pfiester v. W. U. Tel. Co., 282 Ill. 69, 118 N. E. 407, Ann. Cas. 1918C, 738; Smith v. Theobald, 86 Ky. 141, 5 S. W. 394.

The motion for rehearing should be overruled.