## ANDERSON v. ALCUS.
### No. 2112.

Court of Civil Appeals of Texas. Beaumont. Oct. 1, 1931.

W. Owen Dailey and Lawrence H. Kenner, both of Houston, for appellant.

G. W. Staton, of Houston, for appellee.

O'QUINN, J.

Burke Alcus brought this suit against Christ Anderson to recover actual and exemplary damages in a large amount, $25,000, based upon certain language alleged to have been used by Anderson to Alcus at his (Alcus') place of business, in the hearing of others, in which it was alleged, among other things, that Anderson called Alcus a liar, a thief, and a highway robber.

The trial resulted in a judgment for appellee for $1 nominal damages and $500 exemplary damages. From that judgment, Anderson has appealed.

The case was tried to a jury upon special issues, which, together with the answers thereto, were as follows:

"Special Issue No. 1. Do you find that on or about the 6th day of September, 1928 the defendant, Christ Anderson, in the presence and hearing of the plaintiff, Burke Alcus, used in substance the following language: 'Get Out, You're just a God Damned lying son-of-a-bitch, and if you don't get out of here, right now, damned if I don't kill you.' Answer yes or no, as you find the fact to be." Answer: "Yes."

"Special Issue No. 2. Do you find that on the occasion inquired about the defendant, in the presence and hearing of the plaintiff, used to and concerning the plaintiff, in substance the following language: 'You're a dam dirty thieving son-of-a-bitch, and a highway robber, and you know it. Damned if I am not going to tell the whole world what a lying dirty thief and robber you are. Get out of this place or I'll be damned if I don't get my gun and kill you sure as Hell.' Answer yes or no, as you find the fact to be." Answer: "Yes."

"Special Issue No. 3. Do you find that on or about the 6th day of September, 1928, the defendant, in the presence of Ed Baylotte and Ollie Smith, or in the presence of either of them, used to and concerning the plaintiff in substance the following language: 'Alcus is a lying thief and robber. He stole my partition and didn't ask me anything about it. He is just a God Dam thief, that's all, and I'll be damned if I don't tell the whole world, even if I have to kill him to get him out of these premises. Damned if I don't go down and have him and the whole damn bunch put in jail.' Answer Yes or No, as you find the fact to be." Answer: "Yes."

"Any unlawful violence done the person of another with intent to injure him, whatever be the degree or means of violence used, is an assault and battery; and any attempt to commit a battery or any threatening gesture showing within itself, or by words accompanying it, an immediate intention, coupled with ability to commit a battery, is an assault.

"When an injury is caused by violence to the person, intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint and sense of shame or other disagreeable emotion of the mind.

"By the term 'Coupled with the ability to commit,' is meant:

"(1) That the person making the assault must be in such position that if not prevented he may inflict a battery upon the person assailed; and

"(2) That he must be in such distance of the person so assailed as to make it within his power to commit a battery by the use of the means with which he attempted it."

"Special Issue No. 4. Do you find that on September 6, 1928, the defendant committed an assault upon the plaintiff? Answer yes or no, as you find the facts to be." Answer: "Yes."

"If you have answered any of these special issues in the affirmative the law presumes an injury and you must find for the plaintiff at least nominal damages.

"Malice is a state of mind to be found from the facts in the case and which characterize an unlawful act intentionally done without reasonable grounds for believing the act to be lawful.

"It is not necessary, in order to find malice, that hatred, dislike, spite or resentment exist, but it may be inferred from the doing of an unlawful act without reasonable ground for believing the same to be lawful.

"If you have answered any one of the special issues hereinbefore submitted in the affirmative and in that event only, then answer:

"Special Issue No. 5. What sum of money, if paid to the plaintiff in cash at this time, would fairly and adequately compensate him for the injuries, if any, directly and proximately caused by the wrongful conduct of the defendant, as inquired about in the preceding special issues, if any, taking into consideration as elements thereof, and only these, the following: Embarrassment and humiliation; mental pain; fright; fear for his life and safety at the hands of Christ Anderson, if any. Answer, stating the amount, if

any, in dollars and cents." Answer: "None."

"If you have found the affirmative in answer to either of the special issues One, Two, Three and Four, you may inquire into the propriety of assessing what is known in law as exemplary or punitive damages. The law allows these by way of punishment for an injury, and for the purpose of deterring others from committing like offenses."

"Special Issue No. 6. What sum of money, if any, do you find for the plaintiff for exemplary or punitive damages? Answer, stating the amount, if any, in dollars and cents." Answer: "$500.00."

On the return of the verdict, appellee, plaintiff, by written motion requested the court to enter judgment in his favor for "such sum as the court may deem wise and reasonable, as nominal damages, and for the sum of $500.00 as punitive damages, upon the findings of the jury in response to the special issues submitted to them."

Appellant, defendant, in writing requested the court to enter judgment in his favor that plaintiff take nothing by his suit on the ground that the jury having found that plaintiff was not entitled to actual damages, no judgment could be rendered for exemplary damages. This motion was denied. The court then granted appellee's motion for judgment, and held that the jury had disobeyed his instructions relative to their findings on the first four issues, in that he had instructed them that in the event they had answered any of said issues in the affirmative, they "must find for the plaintiff at least nominal damages," and the court then proceeded to find "nominal damages" for the plaintiff in the sum of $1, the judgment so reciting, and judgment for plaintiff in the sum of $500 for exemplary damages, together with the costs of suit.

Appellee has filed no brief, and the principal contention of appellant is that the court erred in overruling his motion for judgment. The jury found that appellant, in the presence and hearing of others, called appellee a liar and a thief. Appellant, in his pleadings and testimony, denied that he did so. It was a question of fact, and the jury found against him. To charge one with being a thief is slanderous per se. Appellant does not contend to the contrary, but as the jury found that appellee was not entitled to recover any actual damages, he insists, because of this finding, appellee could not recover exemplary damages, and hence the court erred in not granting his motion for judgment.

The rule has been long and well settled that where actual damages are not recovered, exemplary damages may not be given, and since no actual damages were shown and the jury found against such, the court could not give judgment for the $500 exemplary damages. But we do not agree with appellant that because of the finding of the jury against actual damages, he (appellant) should have had judgment. The jury having found that appellant was guilty of uttering the slanderous words charged, then in law appellee, in the absence of a finding of actual damages in his favor, was entitled at least to nominal damages, which would have entitled him to judgment for the nominal damages found. See cases cited in Digest of Texas Reports, vol. 5, p. 839. Nominal damages are not actual damages, and will not support exemplary damages as will actual damages. There is a clear distinction in the definitions of "nominal," "actual," and "exemplary" damages. The words "actual damages" are used as synonymous with "compensatory damages"; that is, damages given as an equivalent for the injury done. "Exemplary damages" are damages imposed by way of punishment, and are given for that purpose, in addition to the compensation for a loss sustained. "Nominal damages" are a small and trivial sum awarded for a technical injury due to a violation of some legal right, and as a consequence of which some damages must be awarded to determine the right. 17 C. J. pp. 710–714. In numerous decisions of our own courts, it has been held that, on any invasion of a right, damages are inferred in law so as to justify the award of a nominal or trifling sum. So the trial court did not err in assessing and rendering judgment for nominal damages in favor of appellee. Flournoy v. Story (Tex. Civ. App.) 37 S.W.(2d) 272.

As it is our duty, under the statutes, to here render such judgment as the court below should have rendered, it follows from what we have said that that portion of the judgment granting appellee judgment for nominal damages in the sum of $1 should be and the same is here affirmed, and under article 2062, R. S. 1925, this being a suit for slander, it is adjudged that each party, appellee and appellant, shall pay the costs incurred by him in the trial court (Breen v. T. & P. R. R. Co., 50 Tex. 43), and that that portion of the judgment awarding appellee judgment for $500 as exemplary damages should be reversed and here rendered for appellant, which is done, and that appellant recover of appellee the costs incurred in this court, and it is accordingly so ordered.