**POSTAL TELEGRAPH & CABLE CO. v. BACHER.**

**No. 13281.**

Court of Civil Appeals of Texas. Fort Worth.

Dec. 13, 1935.

Rehearing Denied Jan. 24, 1936.

E. W. Napier, of Wichita Falls, for appellant.

Otis E. Nelson, of Wichita Falls, and T. B. Coffield, of Bowie, for appellee.

DUNKLIN, Chief Justice.

The Postal Telegraph & Cable Company has appealed from a judgment in favor of Albert Bacher for damages alleged to have been sustained by the plaintiff for the negligent failure to transmit and deliver a telegraphic message, signed by the plaintiff, and addressed to Frank Perry, exclusive sales agent of the Continental Baking Company in the handling of its products. The telegram in controversy was dated at Wichita Falls, March 24, 1932, addressed to Frank Perry, in care of Continental Baking Company, Dallas, Tex., and read, with instructions at heading "Get answer":

"When will you be here and at what time arriving.

"Albert Bacher."

According to plaintiff's instructions to the defendant's sending agent at the time the telegram was presented to him by the plaintiff, if the addressee should not be found in Dallas, it was to be forwarded to him at Denison, Tex., and was so forwarded, but, when delivered to Perry, it read, with instructions at heading "Get answer":

"Frank Perry Care Simpson Hotel, Denison Tex

"Arriving Albert Bacher

"Bacher."

According to allegations in plaintiff's petition, Frank Perry, who was the exclusive sales agent for the Continental Baking Company, had told the plaintiff that the services of Mr. Shaw, who had been handling the "Hostess Cakes," a product of the baking company, were not satisfactory, and that Perry expected to terminate his employment, and, when Shaw was discharged, he (Perry) would entertain the application of plaintiff then made to give him the same employment, provided plaintiff would supply himself with a working capital of $300 that would be necessary to buy a car for the purpose of transporting a supply of the Hostess

Cakes to be delivered to purchasers that he might find.

According to further allegations, plaintiff sent the message to Perry with the intention of following up those negotiations and finally consummating an agreement to take over the employment on a commission basis of the sales he should make; that, when Perry received the message in its mutilated form, he understood it to mean that plaintiff was coming to Denison to take up the matter with him, and, after waiting over for more than a day, finally decided plaintiff was not coming; that about a month later plaintiff received a letter from Perry, explaining his reason for not answering the telegram, and telling him that he expected to come to Wichita Falls and enter into negotiations with him concerning his employment.

According to further allegations, Perry did meet him at Wichita Falls and offered him the employment, which the plaintiff could not and did not accept because the $300 he had on hand at the time he sent the telegram and which he had intended to use for the purchase of a car had been loaned out and was not then available for the purchase of a car needed in the employment. It was further alleged that, if the telegram had been correctly transmitted, he would have entered into negotiations with Perry, as the result of which he would have been employed as a sales agent to handle the Hostess Cakes and would have engaged in that business to his profit in the sum of $19.50 per week from April 4, 1932, to January 20, 1934. There were other allegations of plaintiff's successful experience as a sales agent prior to those negotiations.

It was alleged that plaintiff's loss of such profits was proximately caused by the negligence of the defendant in failing to correctly transmit and deliver the telegram as he had written it out.

To that petition the defendant filed a general demurrer and general denial.

In answer to special issues, the jury found that the telegram, when turned over to the defendant's agent at Wichita Falls, read as plaintiff had alleged, and that it was delivered to Perry in Denison in the mutilated form, and that the defendant was guilty of negligence in making that mistake, which was the proximate cause of plaintiff's failure to obtain the position he sought with the Continental Baking Company. There were further findings that plaintiff paid to the defendant 60 cents charges for the transmission and delivery of the telegram; that at that time he had sufficient money to enable him to accept the employment and would have accepted it and would have been employed but for the negligence of the defendant in failing to transmit the telegram in the form in which it was presented by plaintiff; that about May 1, 1932, Perry offered him the employment, but that at that time plaintiff did not have the $300 necessary to supply himself with a car, and for that reason could not accept the employment; that plaintiff was not guilty of negligence in lending out the $300 he had on hand with which to buy a car and which therefore was not available to him at the time the employment was offered to him. There were further findings that, if plaintiff had obtained the employment with the baking company, as a result therefrom he would have earned from the time of his employment up to January 20, 1934, the sum of $1,660, and that he would have necessarily spent in carrying out his employment during that time the sum of $1,560, thus leaving a profit to him of $100, and that the agent of the defendant to whom plaintiff delivered the telegram should have reasonably anticipated the plaintiff's loss of employment by reason of information given to him by plaintiff at the time that the telegram related to a job which probably depended on the telegram being properly transmitted. There was a further finding by the jury that the failure of the defendant to deliver the message as received was gross negligence, for which the jury also found exemplary damages in the sum of $222.50.

Upon that verdict judgment was rendered in plaintiff's favor for the sum of $100 actual damages and $222.50 exemplary damages, aggregating a total of $322.50.

█ We do not believe that the evidence was sufficient to warrant a finding by the jury sustaining plaintiff's allegation that, if Perry had received the telegram in its correct form, he would at that time have entered into negotiations with plaintiff and given him the employment he sought. According to plaintiff's testimony, such employment at that time was merely an expectancy, with no prior definite agreement on the part of Perry that he would employ the plaintiff. Perry was introduced as a witness by the plaintiff, and testified

that, when the telegram in its mutilated form was received, Shaw had not been discharged, and therefore the position was not open to the plaintiff. And the purport of his further testimony was to the effect that, until he wrote to plaintiff at Wichita Falls the latter part of April, telling him of his expected visit to Wichita Falls, where he shortly thereafter went and offered plaintiff a job, he would not have employed plaintiff even if he had received the telegram in the form it was tendered to the defendant in Wichita Falls.

■ Furthermore, there was no allegation in plaintiff's petition of any facts to show for what length of time plaintiff would have been employed had the telegram been properly transmitted, nor was any evidence introduced giving any light upon that issue. The finding by the jury to the effect that the employment would have lasted from about May 1, 1932, to January 20, 1934, was a mere conjecture on the part of the jury without evidence to support it. In the absence of allegations and proof of some definite period of employment, plaintiff would be entitled to recover only nominal actual damages.

The decision of the Commission of Appeals in Western Union Telegraph Co. v. Eckhardt, 20 S.W.(2d) 759, cited by appellee, definitely supports this conclusion.

Thompson v. Western Union Telegraph Co., 7 S.W.(2d) 520, by the Commission of Appeals, is distinguishable from this case. That case was likewise a suit for the loss of employment resulting from failure to deliver a telegram. The jury found that a reasonable time for such employment would have been fifty-two weeks, but the Court of Appeals rendered judgment for one week only, at the rate of $50 per week, upon the holding that the contract bound Morgan to employ plaintiff for one week at all events. And that conclusion was not disturbed by the Commission of Appeals.

Plaintiff having shown a right to nominal damages only, there was no basis for exemplary damages. Girard v. Moore, 86 Tex. 675, 26 S.W. 945; Anderson v. Alcus (Tex.Civ.App.) 42 S.W.(2d) 294, and authorities there cited.

For the reasons stated, the judgment is reversed, and the cause remanded.

On Motion for Rehearing.

■ We were not unmindful of the rule that plaintiff was entitled at all events to judgment for the sum of 60 cents paid to defendant for sending the telegram, but the case was remanded in order to give plaintiff the right to that relief and other actual damages he might be able to prove on another trial, especially in view of the finding conclusively established by the evidence that defendant was guilty of negligence in sending and delivering the telegram in a mutilated form. But we believe that actual damages in the sum of only 60 cents would not warrant the award of exemplary damages, and therefore overrule appellee's prayer for judgment by this court, reforming the judgment of the trial court so as to limit the recovery for actual damages to 60 cents and affirming the award for exemplary damages.

Appellee's motion for rehearing is overruled. And appellant's motion for a judgment by this court, denying plaintiff a recovery for any amount, is likewise overruled.