[No. 6,337.—Department One.]

# DESPARD TAYLOR *v.* NORTH PACIFIC COAST RAILROAD COMPANY.

BREACH OF CONTRACT — DAMAGES.— The defendant, in consideration of the grant of a right of way through the plaintiff's land, agreed to build for the plaintiff a certain wagon-road, and also to fence both sides of the way. In an action for the breach of these agreements, *held*, that the plaintiff was entitled to recover what it would reasonably cost to construct the road and fence.

APPEAL from a judgment in favor of the plaintiff, in the Twenty-second District Court, County of Marin. TEMPLE, J.

The facts are stated in the opinion. After the decision in Department, the appellant filed its petition that the appeal be reheard in Bank, and the application was denied.

*E. B. Mahon, Delos Lake,* and *W. H. L. Barnes,* for Appellant.

There was no proof that plaintiff had been at any cost or expense in rebuilding this road; that he ever intends to rebuild it; or that he has lost any of the profits of his mill; or that his business has been in any manner injured;—in short, there was a simple and complete absence of proof of actual damage to plaintiff in a single dollar.

Plaintiff must show that he has sustained damage. Actual compensation will only be given for actual loss. (Sedg. on Dam. pp. 200, 229, 235, 236, 239, 240; *Stancliff* v. *Ross,* 57 N. Y. 643; *De Costa* v. *Mass. M. Co.* 17 Cal. 617; *Jones* v. *Gooday,* 8 Mees. & W. 146; *Beach* v. *Crain,* 2 N. Y. 97; *Chicago & R. I. R. R.* v. *Ward,* 16 Ill. 522; *Willson* v. *McEvoy,* 25 Cal. 169; *Prader* v. *Grimm,* 28 id. 11; *Chamberlin* v. *McCallister,* 6 Dana, 352; *Caldwell* v. *Cook,* Litt. Sel. Cas. (5 Litt. Ky.) 180; *Wilson* v. *Martin,* 1 Den. C. C. 602; *Spencer* v. *Holstead,* id. 606; *Worth* v. *Edmonds,* 52 Barb. 40; *Peters* v. *Whitney,* 23 id. 24; *Chambers* v. *Fort B. Co.* 14 Tex. 34; *Adams Exp. Co.* v. *Egbert,* 36 Pa. St. 360.)

*Hepburn Wilkins,* for Respondent.

The measure of damages is what it would cost to build the

fence which was agreed to be built by the defendant, and to construct the road which it agreed to construct for plaintiff. (*Lawton* v. *The Fitchburg R. R. Co.* 8 Cush. 230; *St. L. J. &amp; C. R. R. Co.* v. *Lurton*, 72 Ill. 123; *Haysler* v. *Owen*, 61 Mo. 274; § 1247, Code Civ. Proc.; *Brown* v. *Foster*, 51 Pa. St. 174; *Laraway* v. *Perkins*, 10 N. Y. 373; *Logansport, Crawfordsville, and Southwestern Railway Co.* v. *Wray*, 52 Ind. 578; *St. Louis, J. &amp; C. R. R. Co.* v. *Lurton*, 72 Ill. 118; *R. R. I. &amp; St. L. R. R. Co.* v. *Beckemeier*, id. 267; *Chamberlain* v. *Parker*, 45 N. Y. 572.)

The same rule has been held in actions between landlord and tenant, upon the tenant's covenant to repair; that is to say, that the measure of damages was what it would cost the landlord to make the repairs according to the covenant. (*Webster* v. *Nosser*, 33 How. Pr. 136; *Schieffelin* v. *Carpenter*, 15 Wend. 400; *Vivian* v. *Campion*, 1 Salk. R. (Eng.) 141; 2 Lord Ray. 1125; *Nixon* v. *Denham*, 1 Irish Law R. 101.)

Ross. J.:

The plaintiff, being the owner of a tract of land in Marin County, granted to the defendant the right of way thereover for its railroad, the latter covenanting, among other things, to build for the plaintiff a certain wagon-road in lieu of one destroyed by the railroad; and also to fence both sides of the way granted, with a good and substantial picket fence; and thereafter to maintain such fence.

Defendant failed to construct the road or build the fence, hence this action to recover for the breach of the covenant. In the Court below, the plaintiff was permitted to prove and recover the estimated cost of constructing the road and building the fence.

Was this the proper measure of damages? is the question mainly argued for the appellant, and the only point made on its behalf that we deem it necessary to notice. It is said, that, inasmuch as the *plaintiff* has not built the road nor the fence, he has suffered no actual damage, and that, therefore, he is only entitled to recover nominal damages. We do not think this position sound. As well might it be contended, that if A contracts to build a house for B, and is paid for it, and then fails

to keep his agreement, B can recover only nominal damages until he has himself built the house he paid A to build. In the case in hand, the plaintiff granted to the defendant a right of way through his property, in consideration of which defendant agreed, among other things, to construct the road and fence in question. The building of the road and fence was a part of the consideration for the grant.

The defendant chose to stipulate for the payment of the consideration in this way, and we cannot see why it is not as much bound to perform its agreement as if it had stipulated to pay in anything else. Suppose, for instance, it had agreed to deliver to plaintiff, as a part of the consideration for the right of way, a thousand-dollar United State four-per-cent. bond, and then refused to keep the covenant. Would any one doubt that the plaintiff could maintain an action for its breach, and recover, as the measure of damage, the value of the bond? We see no difference in principle between the case supposed and the present one. Here the agreement was to build a certain road and a certain fence. Failing to build them, we think defendant should be made to pay what it would reasonably cost to construct them. These views will be found supported by the following authorities: *Lawton* v. *Fitchburg R. R. Co.* 8 Cush. 230; *St. Louis, J. & C. R. R. Co.* v. *Lurton*, 72 Ill. 118; *L. C. & S. Railway Co.* v. *Wray*, 52 Ind. 578.

It is said by counsel for appellant that the case of *Beach* v. *Crain*, 2 N. Y. 97, is the other way. Assuming that to be so, the case does not seem to harmonize with the much later one, in the same Court, of *Chamberlain* v. *Parker*, 45 N. Y. 572, 573. That was an action to recover damages for the breach of a covenant to put down an oil well. The plaintiffs there had conveyed to the defendant, by an instrument in writing, all of their interest in certain described premises, retaining only a right of entry on breach of condition subsequent. By the conveyance, the defendant became bound to sink a well on the premises, which agreement he failed to keep, and thereupon became liable; and the question was, What was the proper measure of damages in the case? The judge before whom the case was tried held that this was the amount it would cost to sink a well on the premises to the stipulated depth. The Court

of Appeals, after stating some general rules upon the subject of damages, and instancing certain cases in which it could be readily seen that actual pecuniary loss had been sustained in consequence of the default of the defendant, said : " But there may be loss, in a legal sense, sustained by the plaintiff from the breach of a contract by the other party, although it could be seen that performance would not have benefited, but might have injured, him. If the owner of land employs and pays another to perform a certain act upon it, or to erect a certain structure, it would be no defense to an action by the employer for a breach of the contract to show that the act to be done, or the erection to be made, would injure the land or impair its value. The owner would be entitled to recover the value of the work and labor which the defendant was to perform, although the thing to be produced had no marketable value. A man may do what he will with his own, having due regard to the right of others ; and if he chooses to erect a monument to his caprice or folly on his premises, and employs and pays another to do it, it does not lie with a defendant who has been so employed and paid for building it, to say that his own performance would not be beneficial to the plaintiff." Expressing these general views upon the subject, the Court, in *Chamberlain* v. *Parker*, proceeded to hold, *in view of the facts of that case*, that the plaintiffs could not have been damaged, by the defendant's default, to the extent of the costs of digging the well, and was entitled to nominal damages only. The loss or gain, said the Court, in sinking a well would be wholly the defendant's. He was not paid for digging a well for the plaintiff on his premises. The well, when dug, would be upon the land of the defendant, and its product would be his.

The reasoning of the Court in *Chamberlain* v. *Parker* is certainly not in conflict with, but on the contrary also lends support to, the views we entertain.

Judgment and order affirmed.

McKinstry, J., and McKee, J., concurred.