WESTERN UNION TELEGRAPH COMPANY v. ASKEW.

Opinion delivered October 25, 1909.

1. TELEGRAPH COMPANIES—NEGLIGENCE IN TRANSMITTING MESSAGE—LIA-BILITY.—Where a message offered to a telegraph company for transmission discloses upon its face that it relates to a business transaction of importance and value to the sender, the company has notice of any direct or actual damages that may result from its negligence in the transmission of the message, and is liable therefor. (Page 135.)

2. SAME—MEASURE OF DAMAGES.—The measure of damages for negligence of a telegraph company in failing to transmit a message on its face accepting an offer to sell merchandise at a certain price is the difference between the price that the sender of the message agreed to pay for the merchandise, had the telegram been seasonably delivered, and the sum which he would have been compelled to pay at the same place, in order, after notice of the telegraph company's negligence, to purchase merchandise of same quality and quantity. (Page 136.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, appellee, was conducting a general mercantile establishment at Waldo, Arkansas, when on or about the first day of October, 1906, he received by letter from the Roswell Trading Company of Roswell, New Mexico, an offer to ship him two cars of choice alfalfa hay at $15 a ton, delivered at Texarkana. This offer was still open and unrevoked on the third day of October, 1906, when during the regular hours for receiving messages the plaintiff delivered to the agent of the appellant company at Waldo, Arkansas, a message accepting the offer. The

message was signed, "J. H. Askew." It was transmitted as if signed by G. H. Arnold, instead of J. H. Askew, the sender.

Relying on the accuracy and promptness of the telegram, the plaintiff, appellee, waited for notice of the arrival of the hay at Texarkana, until November 6, 1906, the time when the hay ought to have been at Texarkana. His first information of the error was in reply to his letter of inquiry as to why the hay had not been delivered. In the meantime the price of this grade of hay had advanced materially, and the appellee seeks to recover damages for the failure to properly and promptly transmit the message of acceptance as measured by the difference between the offered price and the market price of the same grade of hay on the day on which the error was first discovered.

In addition plaintiff's complaint prayed for damages suffered by the loss of anticipated profits in the sale of this hay in the regular course of business. The proof did not sustain this allegation. The court below expressly found against prospective damages. The plaintiff does not appeal from the judgment of the court, and abandons this portion of the complaint.

The case was submitted to the court sitting as a jury, which found that the plaintiff suffered no damage by loss of anticipated profits, but that he suffered actual damages to the amount of $66, for which judgment was rendered.

*Rose, Hemingway, Cantrell & Loughborough,* and *George H. Fearons,* for appellant.

1. There was no notice to defendant that non-delivery of the message would cause special damages, and the message did not give such knowledge. *Hadley* v. *Baxendale,* 9 Exch.; 2 Joyce, Electric Law, § 952; Jones, T. & T. Cases, § § 516-17.

2. The damages are too remote, speculative, contingent and uncertain. 68 Ark. 539; 73 Ark. 205; 58 *Id.* 29; 2 Joyce, Elec. Law, § 959; Jones, Tel. & T. Cases, § 530; 124 U. S. 444; 48 Fed. 810; 128 Fed. 693; 55 S. E. 777; 51 S. E. 290; 106 N. W. 13; 29 So. 787; 19 S. E. 366; 35 Pac. 75; 2 Atl. 847; 105 Ga. 275; 124 U. S. 144; 44 S. E. 309; 83 Ky. 114; 53 Pac. 252, and others.

*W. H. Askew,* for appellee.

1.  The message on its face gives a clear intimation that it is of a business character relating to a special contract to sell and important, and that loss would result from failure to promptly transmit and deliver correctly.  11 Am. Rep. 156; 60 Me. 9; 19 Am. St. 55; 45 Am. Rep. 480; 22 Fla. 637; 1 Am. St. 222; 81 Am. Dec. 607; 18 Md. 607.

2.  Damages in the loss between the offered price and the market price on the date of the discovery of the error is sufficient to sustain the verdict, and such damage is not uncertain nor contingent.  16 N. Y. 489; 69 Am. Dec. 718; 42 Am. Dec. 38. 43; 124 U. S. 479.

3.  The measure of damage is the difference between the contract price and the value of the goods at the time of appointment for delivery.  24 Am. Dec. 137; 29 Am. St. 723; 25 Am. Rep. 203; 11 *Id.* 156, 163, 167; 93 Am. Dec. 157, 161; 73 Ark. 205, 210.

WOOD, J., (after stating the facts).  The judgment of the court eliminated all claim for damages by reason of the loss of anticipated profits set up in the complaint.  The message—"Roswell Trading Company, Roswell, N. M.  Ship two cars choice alfalfa, fifteen dollars, delivered at Texarkana.  J. H. Askew"— on its face showed that it related to a commercial business transaction between the sender and sendee of importance and value to each.  Where such is the case, the telegraph company has notice of any direct or actual damages that may result from its negligence in failing to transmit the message promptly, and is liable therefor.  *True* v. *International Tel. Co.,* 60 Me. 9, 11 Am. Rep. 156; *Postal Tel. Co.* v. *Lathrop,* 131 Ill. 575, 19 Am. St. Rep. 55; *Western Union Tel. Co.* v. *Blanchard,* 68 Ga. 299, 45 Am. Rep. 480; *Western Union Tel. Co.* v. *Hyer Brothers,* 22 Fla. 637.  Cases are cited giving examples of messages calling for application of the above rule in *Postal Tel. Co.* v. *Lathrop, supra.*

The measure of damages in such cases is the difference between the price that the sender of the message agreed to pay for the merchandise, had the telegram been seasonably delivered, and the sum which he would have been compelled to pay at the same place, in order, by the use of due diligence after notice of the failure of the telegram, to have purchased the like quan-

tity and quality of the same species of merchandise. *Squire* v. *West. Union Tel. Co.,* 98 Mass. 232, 93 Am. Dec. 161 ; *True* v. *International Tel. Co., supra,* and cases there cited.

Without discussing the evidence in detail, it suffices to say that it warranted a finding by the court that the Roswell Trading Company made appellee an offer to sell two cars of choice alfalfa hay on October 3, 1906, which offer appellee duly accepted on that day by his telegram delivered to appellant for transmission ; that by appellant's failure to transmit the telegram appellee lost the bargain and the benefit of the contract with the Roswell Trading Company, which the prompt delivery of his telegram would have closed and secured to him ; that appellee by the course of trade and prior dealings between himself and the Roswell Trading Company could not be charged with negligence in having failed to discover the mistake of the telegraph company before November 12, 1906, the day when he discovered the error ; that on November 12, 1906, the price of alfalfa hay was $18 per ton, or three dollars more than appellee would have had to pay for the hay delivered at Texarkana on the day the contract (except for the negligence of appellant) would have been closed. Appellee began buying hay as soon as he discovered that his telegram had not been correctly transmitted, but did not remember what it had cost him delivered. It appears that through appellant's negligence appellee, as we have stated, lost the contract that he would have made with the Roswell Trading Company on October 3, 1906, and the measure of damages is as above announced.

This rule for the measure of damages in such cases is recognized in *Western Union Telegraph Co.* v. *Hall,* 124 U. S. 444. The rule has its analogy in cases where there is a breach of contract on the part of the vendor in not delivering goods according to his contract of sale. The rule in such cases is: "That where the vendor is in default for not delivering goods or chattels in pursuance of the contract of sale, and no money has been advanced by the vendee, the true measure of damages is the difference between the contract price and the value at the time the article should have been delivered ; and the reason of the rule is conclusive, towit, that such damages, added to the contract price which the vendee has not parted with, will enable him to buy the

article in the market." *Dey* v. *Dox,* 9 Wend. 127. See also *Griffin* v. *Colver,* 16 N. Y. 489 and other cases cited in appellee's brief.

There is nothing in *Western Union Telegraph Co.* v. *Fellner,* 58 Ark. 29, *Brewster* v. *Western Union Tel. Co.,* 65 Ark. 539, and *Western Union Tel. Co.* v. *Love-Banks Co.,* 73 Ark. 205, in conflict with the rule above announced as to the measure of damages. In those cases the facts were different from the facts of the case at bar, and the rule for the measure of damages therein announced was the correct one for the facts of those cases. But the cases show that, upon a state of facts parallel to those at bar, the rule would be as we have stated in this case. In *Western Union Tel. Co.* v. *Love-Banks Co., supra,* it is held, quoting syllabus : "The measure of damages for the negligent failure of a telegraph company to deliver a message offering a price for a commodity held for sale is the difference between such price and the sum for which the commodity could have been sold for at the time the message should have been delivered." In *Brewster* v. *Western Union Tel. Co., supra,* at page 540, Judge RIDDICK, speaking for the court, says: "The law requires that a party should exercise due diligence to avoid injury to himself, and the measure of damages in such a case is the difference between the contract price of the cattle and that which plaintiffs would have been compelled to pay at the same place in order by due diligence, after delivery of the telegram or notice of the failure to deliver it, to purchase the same number and grade of cattle."

Although appellee designated the damages which he sustained as the "loss of profits" and sued for the "loss of said profits," yet his complaint sets forth the facts, and among other allegations are these that: "Said Roswell Trading Company would have filled said order if said telegram had been properly transmitted and delivered to said Roswell Trading Company. The market price of choice alfalfa hay at Roswell, N. M., on November 15, 1906, was twenty dollars per ton delivered at Texarkana. The prayer is for damages in the sum of $175 and for "other proper relief." Under all the allegations of the complaint and the proof taken without objection, we are of the opinion that the

judgment of the court in favor of appellee for actual damages in the sum of $66 is not "without the issue."

The judgment is therefore affirmed.