FULKERSON *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered November 10, 1913.

1. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—LOSS OF PROFITS. —Where A. sent a telegram to B., offering to employ him, the employment, if accepted, being terminable at the will of either party, and the telegraph company negligently failed to deliver the message and B. lost the position, in an action by B. against the telegraph company for damages for failure to deliver the message, *held,* evidence as to the amount of profits B. could have made under the contract is inadmissible. (Page 147.)

2. TELEGRAPH COMPANIES—BUSINESS MESSAGE—FAILURE TO DELIVER.— Where a message offered to a telegraph company for transmission discloses upon its face that it relates to a business transaction of importance and value to the sender, the company has notice of any direct or actual damages, that may result from its negligence in the transmission of the message, and is liable therefor, and where no actual damages can be shown, the telegraph company will be liable for nominal damages. (Page 148.)

3. APPEAL AND ERROR—ERROR AS TO NOMINAL DAMAGES.—Where judgment is rendered for defendant where plaintiff is entitled to nominal damages, the judgment will be reversed, but the cause will not be remanded. (Page 148.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action by S. W. Fulkerson against the Western Union Telegraph Company for damages for the

failure on the part of the defendant to deliver to plaintiff the following telegraphic message:

"January 25, 1912.  Mr. S. W. Fulkerson, Bentonville, Arkansas.  Offer you Tennessee territory twenty direct five mail effective first.  Wire quick answer.  International Stock Food Company."

The plaintiff resided near the defendant's telegraph office in Bentonville; but, on account of the negligence of the defendant, the message was not delivered to him. On the next day, the International Stock Food Company wrote him a letter, in which it stated that it had wired him the day before, offering him the State agency for the State of Tennessee on a straight commission basis of twenty per cent on solicited orders, and five per cent on mail orders, and had asked him to wire his answer.  Upon receipt of this letter, the plaintiff wired an acceptance of the offer; but, in the meantime, the Stock Food Company, not having received any answer to its telegram as requested, had employed another salesman, and was unable to employ the plaintiff.  The plaintiff testified that he would have accepted the employment, had he received the message, and also offered to introduce evidence tending to show the amount of commission he would have earned under the employment.  The court refused to admit the offered testimony, and directed a verdict for the defendant.  From the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*Rice & Dickson* and *Dick Rice,* for appellant.

A telegraph company is liable for failure to promptly transmit and deliver a message where the message on its face shows that it relates to a business transaction, and that a loss will probably result unless it is promptly transmitted and delivered.  It is not necessary that the company be apprised of the exact amount of loss likely to result from default.  51 Am. St. Rep. 162; 10 Am. St. Rep. 787.

Where such default causes the plaintiff to lose a situation or employment, he is entitled to recover the actual damages sustained by him in consequence of the

loss. 25 Am. & Eng. Enc. of L. (1 ed.), 852-854; 27 *Id.* (2 ed.), 1070.

In this case it can not reasonably be claimed that appellant's rights under the telegram were speculative. On the question of expected profits the rule is that it is sufficient if the evidence and approximate estimates are such that a satisfactory conclusion may be reached. 115 S. W. 624; 32 S. W. 707. At the least, appellant should be permitted to recover for his estimated salary up to the date of the trial, because, at that time it could have been shown that the contract offered was not abrogated because of appellant's fault or because the sender had exercised any rights it might have had to terminate the offer or agreement. 53 Ark. 168, 169; *Id.* 443; 35 L. R. A. 512; 71 S. W. 586; 21 Pac. 340; 16 N. Y. 489; 23 N. E. 584, 585.

*H. C. Mechem,* for appellee.

1. The case presents the question whether, if the telegram had been promptly delivered to, and accepted by, the plaintiff, could he have compelled the company to employ him for any specific length of time. If not, he can not recover. An employment which is not for a definite time is at will, and may be terminated at any time by either party without creating a right of action for damages. 35 Ark. 156; 64 Ark. 398; 68 Ark. 526.

2. A telegraph company will not be held liable for damages for failure to deliver a telegram offering employment at will merely. 78 Me. 97; 23 S. E. 853; 35 Pac. 75; 125 N. W. 812; 130 N. W. 813; 19 S. E. 365.

3. The court was right in directing a verdict for the defendant, because there was no evidence legally sufficient to have sustained a verdict for the plaintiff.

Hart, J., (after stating the facts). In the case of *Merrill* v. *Western Union Telegraph Company,* 78 Me. 97, the facts were that the plaintiff's agent completed a verbal contract that the plaintiff should labor for a manufacturer at $2.25 per day and sent a telegraph message to plaintiff, notifying him of that fact. The message was not delivered by the telegraph company in time for plaintiff to begin work, as stipulated, and he thereby lost his

employment. The telegraph company denied liability beyond nominal damages. The court sustained the position of the telegraph company, and said:

"The contract was defeasible at the will of either party. How, then, can any substantial damage be measured? Had the engagement to employ the plaintiff been for a stipulated and definite period, not over one year, the plaintiff would have a right to demand damages that could be definitely measured and assessed. He would then have been entitled to enjoy the fruit of his labor during the time of his engagement; but under the terms of the contract in proof, he was liable to be dismissed from his employment as soon as he had entered upon it, and it can not be known what damages he has suffered in the premises. The plaintiff must prove his damages before they can be assessed. The case fails to show facts that warrant greater than nominal damages." See also *Mondorn* v. *Western Union Tel. Co.*, 23 S. E. (Ga.) 853; *Larsen* v. *Postal Telegraph Cable Co.*, 130 N. W. (Iowa) 813; *Walser* v. *Western Union Tel. Co.*, 19 S. E. (N. C.) 366; *Kenyon* v. *Western Union Tel. Co.*, 35 Pac. (Cal.) 75.

The offer to employ plaintiff by the International Stock Food Company, if accepted by him, must be taken as an employment at will, terminable by either party. *Haynie* v. *Caldwell*, 35 Ark. 156; *Arkansas Lumber Co.* v. *Asman*, 68 Ark. 526; *St. Louis, I. M. & S. Ry. Co.* v. *Matthews*, 64 Ark. 398; *Harrod* v. *Wineman*, 125 N. W. (Iowa) 812; *Savannah, F. & W. Ry. Co.* v. *Willett*, 31 Southern (Fla.) 246.

Counsel for appellant have not cited us to any cases opposed to the rule announced above, and we have been unable to find any. Where the telegram contains an unconditional offer of employment for a definite length of time, and the testimony of the plaintiff shows that he was in a position to accept the employment, and would have done so, this furnishes a fair and just basis for plaintiff's damages, and he is entitled to recover. The rule on the subject is laid down in 37 Cyc. 776, as follows:

"Where the message is of such a character that its delivery would have resulted in a binding contract of employment, and in consequence of the negligence of the telegraph company no contract is made, plaintiff may recover his actual loss, namely, the amount which the other party would have been legally obliged to pay him under the contract, less what he actually made, or could, in the exercise of reasonable diligence, have made in similar employment during the corresponding time. * * * In the case of an employment from day to day, only nominal damages, or, at most, one day's salary, can be recovered, while in the case of an employment from month to month, the limit of plaintiff's recovery is one month's salary." To the same effect is Jones on Tel. & Tel., § 521.

We are of the opinion that the court did not err in excluding the testimony offered by the plaintiff as to the amount of profits he could have made under the contract. The message, however, was intelligible, and the plaintiff was prevented from accepting the employment by the negligence of the defendant in failing to deliver the message. In the case of *Western Union Tel. Co.* v. *Askew,* 92 Ark. 133, the court held: "Where a message offered to a telegraph company for transmission discloses upon its face that it relates to a business transaction of importance and value to the sender, the company has notice of any direct or actual damages that may result from its negligence in the transmission of the message, and is liable therefor." Therefore, he was entitled to nominal damages, and the court erred in directing a verdict for the defendant.

Where a plaintiff is entitled to nominal damages only, the judgment will be reversed, but the cause will not be remanded. In such cases, judgment will be entered here for nominal damages and costs. *Dilley* v. *Thomas,* 106 Ark. 274, and cases cited. Therefore, the judgment of the lower court is reversed, and judgment will be entered here in favor of the plaintiff for nominal damages and all the costs of this cause.