STATEMENT BY THE COURT
Appellants brought this suit to recover damages from appellee, alleged to have been caused by his failure to properly construct, in accordance with a written contract therefor, a concrete culvert or conduit of reinforced steel for draining the surface water across and off a building site in the city of Little Rock.
Appellee is a building contractor, and was engaged in buying lots and erecting houses and other improvements thereon and selling them as improved. He owned lots 10, 11 and 12 in block 3 of Stifft's Addition *Page 1086 
to the city, and erected and made improvements on each of them about the same time. The lots faced Johnson Street, between Markham and Third Streets, in Pulaski Heights. Across the back of these three lots a gully ran in a southeasterly direction in block 3, at the alley at the intersection of Markham and Midland streets, and passing under Johnson at its intersection with Third Street. The gully extends to lot 10 first and then across 11 and 12, with a culvert at the alley between Markham and Midland street and one at Third and Johnson. This gully is a natural drain of a large area of about 100 acres on the south side of the Pulaski Heights section, near Stifft's Station. The water carried through it varied according to the rainfall, it being frequently overflowed after heavy rains.
Before the completion of the improvements on said lot 10, appellee entered into negotiations to sell it to appellants, agreeing to make certain changes in the improvements planned to meet their wishes, and, as inducement to appellants to buy the lot and as a condition of the sales agreement to build a concrete culvert or conduit reinforced with steel across the three lots. A written contract was entered into between appellants and Wilson, and through Wilson with appellee, the purchase of the lot and agreement for the construction of the conduit being made in Wilson's name, he having the right to assign the contract to any one, with appellee bound to perform its conditions to the assignee. The contract was made an exhibit to the complaint, and paragraph 4 thereof gives the specifications for the concrete culvert as follows:
"4. The party of the first part shall construct a concrete box or culvert or conduit at least four feet in the clear in width, and at least three feet in the clear in height. The walls and top of said culvert or conduit shall not be less than four inches in thickness, and shall be reinforced with steel. The north end of said culvert or conduit shall have a flange eighteen inches in width on each side of said culvert or conduit, and eight inches *Page 1087 
in width across the top. These flanges shall be constructed of reinforced concrete of not less than four inches thickness."
Paragraph 5 provided that the conduit should be covered by appellee with three inches of good dirt, and the surface of the back yard made smooth. Another paragraph provided that the People's Bank should hold the notes in escrow until all of the provisions in the contract were performed and complied with and accepted by the party of the second part, and in paragraph 8 the contractor agreed to perform the contract for the assignee thereof.
It was alleged that appellee failed to construct the improvement according to the agreement, failed to reinforce the walls with steel and to construct the flanges out of reinforced concrete of the width provided in the agreement; that he used materials of inferior quality in the construction, and that on account of such failure to perform the agreement the culvert collapsed, and failed to carry off the water, and that he had been damaged in the sum of $ _____, the cost of reconstructing the conduit as it should have been built under the contract, for which amount he prayed judgment.
Appellee denied all the material allegations of the complaint. Alleged that the conduit was built properly in accordance with its specifications, and that Hyatt, the appellant, supervised its construction, was present daily inspecting it, and accepted same upon its completion. That the collapse of the culvert was not due to any fault of appellee's, but solely to the unprecedented rainfall of the season.
Appellants amended their complaint, alleging that appellee also failed to build base or bottom for the culvert and to use proper materials in making the concrete. Also alleged an agreement between appellee and Wilson, appellant's assignor, entered into at the time of making the written contract sued on, of date of November 10, 1923, to construct a culvert across the adjoining lots 11 and 12 of the same block similar to the culvert he had *Page 1088 
agreed to build across lot 10, and that, because of his failure to construct same properly, the culvert collapsed on said lots and obstructed the drain across appellant's lot, damaging his property in the sum of $3,500. Alleged a total damage sustained by reason of the collapse of the culvert across the three lots in the sum of $4,386.88.
Appellee denied having agreed with Wilson to build a culvert over the two adjoining lots, which he alleged he was the owner of, and that he did build for his own use a culvert thereon at the same time, of the same material and same construction as that used in the construction of the culvert across lot 10 for Wilson and appellants. Denied failure in any way to construct the culvert properly, and alleged that it collapsed through no fault of his or the materials used in the construction, but because of the exceedingly heavy and unprecedented rainfall in April, 1927.
There was much testimony introduced, that by appellants tending to show faulty construction in the use of unscreened gravel, brickbats, and some bottles, and too much sand in the mixing of the concrete, and use of galvanized wire in lieu of reinforcing steel contracted to be used. Appellee's testimony tended to show that it was customary to use the gravel or rock from the creek from which the materials used in this construction were taken, without its being screened, and that there was no more foreign matter used in mixing the concrete than was usual for such construction, and that the use of galvanized wire instead of the steel in reinforcing the concrete had been agreed to by appellants for a consideration allowed to him in adjustment of the price.
The court instructed the jury, giving, over appellant's objection, three instructions, one of which, it was claimed, took from the consideration of the jury the question of whether there had been an agreement between the parties for the use of galvanized wire instead of steel in the construction of the culvert, telling the jury, in effect, that such agreement had been made. The court refused to instruct the jury or permit the introduction *Page 1089 
of testimony relative to an additional parol agreement for the construction of a like concrete conduit across the other two lots of appellee adjoining appellants' lot, and from the verdict against them appellants prosecute this appeal.
(after stating the facts). It is insisted that the court erred in the giving of the instruction objected to, relative to the changed specifications for the use of galvanized wire instead of steel in reinforcing the concrete, the jury being told, in effect, that the changed specification had been agreed to by appellants; but the majority is of opinion, in which the writer does not concur, that a fair construction of the instruction does not warrant this conclusion, and that, since the law was properly declared in other instructions in harmony with and not contradictory thereof, there was no error committed in the giving of the instruction in the form requested, and that no prejudice could have resulted therefrom.
The evidence is sharply in conflict as to whether there was any patrol agreement made between the parties about the use of galvanized wire for reinforcing in lieu of steel provided to be used in the written contract, but the jury has found against appellants on this point, and, there being substantial testimony supporting the verdict, it will not be disturbed here.
Neither does the court find that error was committed in the giving or refusing to give instructions relative to the measure of damages for injury resulting from failure to construct the culvert in accordance with the contract therefor. Under the instruction given, the jury were authorized to find the damages consisted in the difference between the value of the property sold had the conduit been constructed in accordance with the contract and its value without such properly constructed and after the collapse thereof. The conduit was without value except *Page 1090 
as a necessary drainageway for carrying off the surface water from the premises, and, under the circumstances, the damages would have been the difference in value of the property with the conduit or drain properly constructed in accordance with the contract and its value with the conduit constructed as it was in fact made.
The undisputed testimony showed what the value of the property was before and after the collapse of the conduit, and that the difference in such value was decidedly more than the cost of reconstruction of the conduit, and also the complaint alleged appellants were entitled to such damages of reduced value in addition to the cost of reconstruction of the conduit.
After a careful examination the court has concluded that there is no prejudicial error in the record, and the judgment is accordingly affirmed.