BARNETT *v.* BANK OF MALVERN.

Opinion delivered June 15, 1931.

*Oscar Barnett,* for appellant.

*D. D. Glover,* for appellee.

MEHAFFY, J. This is the third appeal in this case. The facts are stated in the case of *Barnett* v. *Bank of Malvern,* 176 Ark. 766, 4 S. W. (2d) 17. We will not restate the facts stated in the opinion on first appeal.

The second appeal is reported *ante* p. 1030, 13 S. W. (2d) 616. The suit was brought by appellant to recover damages for alleged refusal and failure of the mortgagee to satisfy the mortgage record, upon request to do so after payment of the debt secured by the mortgage.

The attorney for the appellee, the bank, had indorsed upon the margin of the decree of the chancery court, the payment in full of the indebtedness secured by the mortgage, but this court held that this was not a compliance with the statute, §§ 7395, 7396.

In that case a verdict had been directed in favor of the bank, and the court reversed the judgment and remanded the cause for a new trial.

It was again tried, and a verdict returned for the bank, and Barnett prosecuted a second appeal. On the second appeal the judgment was again reversed, and the cause remanded for a new trial. The appellant insisted when the case was here on second appeal, that he was entitled to a judgment upon the pleadings for the reason that the opinion on the former appeal is decisive of the issues joined at the second trial, but this court held that we did not undertake to decide any issues of fact, but, inasmuch as there had been a directed verdict, we said that, in determining whether he had cause of action, we gave to the testimony in his behalf its highest probative value, and merely decided that that testimony was legally sufficient to support a verdict in his favor, and this court further said that we would be constrained to affirm the judgment but for the fact that the attorney for the bank had made an improper argument to the jury, and this was the only ground for reversing the judgment on the second appeal.

Appellant contends that on second appeal the judgment was reversed because of the improper argument and improper evidence. However, the court said that we would therefore be constrained to affirm the judgment from which the present appeal comes, but for the fact that counsel for the bank, in the course of his argument before the jury said: "The satisfaction of the judgment record of the chancery court, where the mortgage was foreclosed by the defendant, and as Mr. Robert Smith (the cashier of the bank) told you, was a full and complete satisfaction of any and every claim the Bank of Malvern had against the property by reason of the mortgage, and plaintiff should not ask for any further satisfaction here."

This court held this was an improper argument because it had been expressly decided on the first appeal

that, notwithstanding the satisfaction of the decree of foreclosure, plaintiff had the right to demand that the mortgage record be satisfied also, and the attorney in his argument had asserted that the plaintiff had no such right.

Appellant insists that the judgment in this case should be reversed because the court below permitted the introduction of the same records that were complained of in the former appeal, and permitted the same attorney to again argue, over the objections of appellant, that the satisfaction of this chancery judgment was a satisfaction of the mortgage record.

The appellant himself testified about the mortgage and the payment of it, and called the clerk and had him produce the record, not only of the deed, but of the mortgage. He also showed that the mortgage had been satisfied on the 16th day of May, by the attorney for the bank and the cashier.

It was admitted that the bank held the mortgage; that it brought a foreclosure suit, and that the appellant paid the entire mortgage debt, and the only question to be determined by the jury was whether a request had ever been made to satisfy the mortgage. The undisputed proof shows that the mortgage record was not satisfied within 60 days after the appellant testified that request was made. There is no controversy or dispute about the date when the mortgage was satisfied; there is no dispute about the payment of the money by Barnett, and the bank defended solely on the ground that no request was ever made by the appellant.

Appellant objects to the introduction of the chancery record, but the attorney stated that he only wanted to show satisfaction on the margin of the record. The appellant had introduced his checks showing payment of the amount of the judgment and the introduction of the satisfaction on the record showing that the amount of the judgment had been paid, and this evidence was not prejudicial. The trial judge repeatedly told the attorneys

and the jury that the issue to be tried was whether the appellant had requested the appellees to satisfy the mortgage record.

It is next contended by the appellant that the court permitted attorneys for the appellee to again argue to the jury that the satisfaction of the chancery judgment was a proper satisfaction of the mortgage record. This is the argument that was made at the second trial, but in the trial of the case from which this appeal comes the attorney for the appellee did not make this argument. The only argument objected to in the last trial of the case, as set out by the appellant himself, is that Mr. Glover, the attorney for the appellee, said: "And he comes in here and says that he gave notice," whereupon Mr. Barnett said: "I object to the notice," Mr. Glover said: "All right, request, then."

This is the only argument objected to and the only argument of appellee's attorney mentioned in appellant's abstract or brief. Of course this was not prejudicial; the attorney merely used the word "notice" instead of "request."

The appellant next contends that the judgment should be reversed because the court granted a continuance over the objections of appellant. The record shows that on August 5, 1929, the appellant filed a motion alleging that an order was entered on the 31st day of July, 1929, as follows: "Cause by consent continued till January term, 1930, not to be tried then unless D. D. Glover can be here at that time."

The motion was for the court to set aside this order and set the case for trial. The reasons given in the motion are: "1. That the order is contrary to the laws of Arkansas as expressed in the statute thereof. 2. Because the said order is inconsistent with the opinion of the Supreme Court of the State of Arkansas in its first opinion written in the first appeal of this cause. 3. Because the said order is inconsistent with the second opinion handed down by said court and filed herein on the second appeal in this case.

The motion does not state in what manner the order continuing the case by consent violated the laws of Arkansas or was inconsistent with the opinions of this court. The appellant did not contend in said motion that the order of continuance was not agreed to by him.

It is also undisputed that one continuance at least was had because of the sickness of the appellant. No evidence was introduced, so far as the record shows, on any of the motions, and there is no evidence in the case tending to show that the court abused its discretion in granting the continuance or that appellant was prejudiced thereby, and, in the absence of any showing or any evidence as to the circumstances, we cannot say that the court abused its discretion.

Appellant offers no explanation or evidence tending to show that the order continuing the case till October 7, the date on which it was tried, was improperly made, or that he did not agree to it.

Appellant insists that the judgment should be reversed because the court refused to give instruction No. 3 requested by him. Instruction No. 3, reads as follows: "You are told that such matters of proof introduced by the plaintiff, as revealed by the deed records, mortgage records and court records, cannot be controverted, disputed or denied by the defendant, and you must accept such matters of record as conclusive evidence of the facts as revealed by them.

"You are further instructed that the purpose of the law (§ 7396 of C. & M. Digest) is not only to award compensatory, but also exemplary, damages as a punishment against the mortgagee for refusing to comply with the request or demand of the mortgagor to satisfy the mortgage on the record. A substantial recovery was intended in such cases. However, in this case your verdict must be not more than $500 in favor of the plaintiff."

This instruction was erroneous in telling the jury that they must accept matters of record as conclusive evidence of the facts as revealed by them, and it was also

erroneous in telling the jury that a substantial recovery was intended in such cases.

The statute provides that if any person receiving satisfaction does not, within 60 days after being requested, acknowledge satisfaction, etc., he shall forfeit to the party aggrieved a sum not exceeding the amount of the mortgage money. The amount to be recovered is to be fixed by the jury, and it was not proper for the court to tell the jury there must be a substantial amount.

The evidence of appellant's damages was sufficient to support a verdict for a substantial amount if the jury had found in his favor, but it was the province of the jury, if they found for him, to determine the amount, and it would have been error for the court to have instructed them that their verdict must be for a substantial amount.

The court fully and fairly instructed the jury in instructions not objected to by the appellant. The only issue in the case was whether a request had been made as contended by the appellant for the satisfaction on the mortgage record. The appellant testified very positively that he made the request at a time when the president of the bank was passing his office. The appellant is corroborated by Mr. W. W. Dyer, who testified that he heard appellant ask Mr. Smith, the president of the bank, if he had received his money. He said this was on the 12th of March. The evidence introduced by appellee tended to show that no request had ever been made. Mr. Smith testified very positively that the appellant never made any such request at any time. Other witnesses connected with the bank testified that no request was ever made, but that is unimportant because the appellant does not claim to have made a request of anybody except the president.

No recovery is provided for until a request to acknowledge satisfaction has been made, and then the person receiving satisfaction has 60 days within which to acknowledge satisfaction. Section 7396, Crawford & Moses' Digest.

The evidence as to whether the request was made is in conflict.

"Wherever there is conflict in the testimony, it is the province of the jury to pass upon the weight of the evidence and the credibility of the witnesses; and, even if it appear that the verdict is contrary to the preponderance of the testimony, this furnishes no ground for reversal." *Armour Co.* v. *Rose, ante* p. 413; *Ark. P. & L. Co.* v. *Cates,* 180 Ark. 1003, 24 S. W. (2d) 846; *Hyatt* v. *Wiggins,* 178 Ark. 1085, 13 S. W. (2d) 301; *S. W. Bell Tel. Co.* v. *McAdoo,* 178 Ark. 111, 10 S. W. (2d) 503; *Ark. P. & L. Co.* v. *Orr,* 178 Ark. 329, 11 S. W. (2d) 761; *Mo. Pac. Rd. Co.* v. *Edwards,* 178 Ark. 732, 14 S. W. (2d) 230; *Western Union Tel. Co.* v. *Downs,* 178 Ark. 933, 12 S. W. (2d) 887; *Wright* v. *State,* 177 Ark. 1039, 9 S. W. (2d) 233; *Turner* v. *State,* 109 Ark. 138, 158 S. W. 1087; *People's Bank* v. *Brown,* 136 Ark. 517, 203 S. W. 579; *Harris* v. *Wray,* 107 Ark. 281, 154 S. W. 499; *Gazola* v. *Savage,* 80 Ark. 249, 96 S. W. 981.

The question whether or not a request had been made having been properly submitted to the jury, and there being substantial evidence to support the verdict, this court will not reverse.

The judgment is affirmed.