[Civ. No. 15822.   First Dist., Div. One.   May 18, 1954.]

JOHN J. RAKISH et al., Respondents, v. THOMAS VALERGA et al., Appellants.

Joseph A. Jackson for Appellants.

Harold C. Brown and Robert I. McCarthy for Respondents.

McMURRAY, J. pro tem.*—Defendants appeal from a judgment awarding plaintiffs $1,500 for breach of contract.

Appellants agreed to sell certain real property to respondents for $3,250. An agreement of sale and deposit receipt dated February 15, 1949, acknowledged receipt of $250, and provided that the balance be paid at $35 per month with interest at 6 per cent. This agreement also contained several conditions of sale. Those here pertinent are numbered (2) and (4). Number (2) provides: "Road fronting on property to be guaranteed to be improved (to permit passage of automobiles throughout the year) within 30 days." This road was not on the property conveyed to the plaintiff. Condition number (4) provides: "Water and electricity to be guaranteed to be available to buyer." Respondents took

---

*Assigned by Chairman of Judicial Council.

possession of the property and undertook the construction of a dwelling.

On July 5, 1951, respondents filed a complaint for damages and filed an amended complaint on July 14, 1952. In the complaint it was alleged that the parties entered into the agreement of sale and that appellants failed to construct a road and failed to have water and electricity available to respondents; that respondents had commenced the construction of a dwelling house on the property in reliance upon the appellants' promises to construct a road and have water and electricity available, and that the respondents had been damaged in the sum of $5,000 representing the cost to respondents of constructing the road and the additional cost to respondents in constructing the house. It is also alleged that respondents were required to pay rent for 15 months at the rate of $40 per month.

At the trial there was testimony that the condition of the road fronting on the property was impassable for automobiles during certain rainy periods in the winter. It was stipulated that the only damages sought in the action were those arising from the failure of appellants to put the road in proper condition and the failure to get electricity to the property in time for respondents to use power tools in building the house. The court found "That the cost of improving the road fronting on the aforementioned property to permit passage of automobiles throughout the year is the sum of FIFTEEN HUNDRED ($1500.00) DOLLARS," and gave judgment for respondents in that amount. No finding was made relative to any damage by reason of the failure to have electricity available or relative to rent.

Appellants contend that the court erred in not allowing evidence to be introduced to show the meaning of the words: "Road fronting on property to be guaranteed to be improved (to permit passage of automobiles throughout the year) within 30 days." These words are of sufficiently clear meaning without explanation and the judge correctly excluded the offered evidence. Appellants also state that the judgment is contrary to the evidence. A fair reading of the transcript shows abundant evidence to support the finding that appellants failed to improve the road as agreed, although there is some conflict in the evidence. Appellants next argue that, since the driveway from the road to respondents' house was much steeper and rougher than the road, respondents therefore cannot have been damaged by the condition of the

road. This argument is completely without merit. There is no way of ascertaining what the respondents might have done with their driveway had the access road been in the proper condition, and appellants cannot escape their obligation to improve the road by stating that respondents had not a good enough driveway to provide access to their lot throughout the year.

The next point which appellants urge is that the award for damages is excessive and is based upon a statement made by Mr. Rakish upon cross-examination that he thought $1,500 was what it would cost to improve the road to the standard set forth in the agreement. If the cost of the road were the proper measure of damages, this testimony would certainly support the judgment. It seems apparent, however, that both court and counsel adopted a completely erroneous measure of damages.

In *Coughlin* v. *Blair*, 41 Cal.2d 587 [262 P.2d 305], a case wherein purchasers sought damages for breach of a realty purchase agreement to install utilities and pave the road leading to the property involved, the measure of damages in such case is clearly set forth at page 600 where it is said: "The question remains whether the court applied a proper measure of damages. ▪ Unless a statute otherwise specifically provides, the proper measure of damages for the breach of a contract 'is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.' (Civ. Code, § 3300.) Damages must, however, 'be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damages can be recovered.' (Civ. Code, § 3359.) In the present case the contract called for installation of improvements that would greatly increase the value of plaintiffs' property. The consideration was paid in advance. ▪ If the work were to be done on plaintiffs' property the proper measure of damages would ordinarily be the reasonable cost to plaintiffs of completing the work. (*Taylor* v. *North Pac. Coast R. Co.*, 56 Cal. 317, 320; *Adams* v. *Hiner*, 46 Cal.App.2d 681, 683 [116 P.2d 630]; cf. *Avery* v. *Fredericksen & Westbrook*, 67 Cal.App.2d 334, 336 [154 P.2d 41]; see Corbin on Contracts, §§ 1089-1091.) ▪ A different rule applies, however, when the improvements are to be made on property that is not owned by the injured party.

278

In that event the injured party is unable to complete the work himself and, subject to the restrictions of sections 3300 and 3359 of the Civil Code, the proper measure of damages is the difference in value of the property with and without the promised performance, since that is the contractual benefit of which the injured party is deprived. (*Knoch* v. *Haizlip*, 163 Cal. 146, 154 [124 P. 998]; *South Memphis Land Co.* v. *McLean Hardwood Lbr. Co.*, 179 F. 417, 423-424 [102 C.C.A. 563]; *Hyatt* v. *Wiggins*, 178 Ark. 1085 [13 S.W.2d 301, 303].)''

Because of the error in adopting the wrong measure of damages the judgment appealed from is reversed and remanded for a new trial in accordance with the views herein expressed. The trial court is instructed to allow the parties to make such amendments to their pleadings as they may be advised in order to properly present the issues involved.

Peters, P. J., and Wood (Fred B.), J., concurred.